## PHILIPS v. COMMISSIONER OF INTERNAL REVENUE.

### No. 7214.

Circuit Court of Appeals, Third Circuit.

June 13, 1940.

Theodore B. Benson and Charles E. Foster, Jr., both of Washington, D. C., for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and Edward M. English, Sp. Assts. to Atty. Gen., for respondent.

Before BIGGS, MARIS, and CLARK, Circuit Judges.

MARIS, Circuit Judge.

This is a petition to review a decision of the Board of Tax Appeals upholding the Commissioner's ruling that a loss which the petitioner sustained in the year 1935 was a loss from the sale or exchange of a capital asset and, therefore, deductible for income tax purposes to the extent of $2,000 only under Section 117(d) of the Revenue Act of 1934, 26 U.S.C.A.Int.Rev.Acts, page 708, and not, as the petitioner contended, an ordinary loss deductible to its full extent under Section 23(e) (2), 26 U.S.C.A.Int.Rev.Code, § 23 (e) (2).

Prior to 1935 the petitioner had acquired title to a parcel of real estate subject to a mortgage made by a prior owner which the petitioner had reduced by payments on account to $18,000. The petitioner had failed to pay the taxes levied on the property for the years 1932, 1933 and 1934, for which he was personally liable under Pennsylvania law, and on February 4, 1935 he was notified by counsel for the mortgagee that unless he arranged to pay these taxes, proceedings under the default clause of the mortgage would be taken. On March 15, 1935 the mortgagee's daughter, under authority from her mother, proposed to the petitioner to pay the taxes which he owed in consideration of his conveyance of the property to her. On the next day the petitioner and his wife did convey the property to the mortgagee's daughter and her husband in consideration of the payment by the grantees of the said taxes and subject to the lien of the said mortgage.

It is the contention of the petitioner that this transaction was not a sale or exchange and that the loss resulting from it was, therefore, not a loss from a sale or exchange but an ordinary loss incurred in a transaction entered into for profit within the meaning of Section 23(e) of the Revenue Act. We think that the Board of Tax Appeals properly held the transaction to be a sale or exchange. In Commissioner v. Freihofer, 3 Cir., 102 F. 2d 787, 125 A.L.R. 761, this court held that the words "sale" and "exchange" as used in Section 117 connote voluntary action by the owner and a consideration. In the present case the petitioner's conveyance was voluntary. Even though it was made under threat of foreclosure, the petitioner had a choice and his exercise of this choice was his voluntary act. Pender v. Commissioner, 4 Cir., 110 F.2d 477. Likewise he received a valuable consideration, relief from his personal liability to pay three years taxes. The elements of a sale were thus present.

The petitioner contends in this court that in any event he should be permitted to deduct the three years taxes which he owed and which his grantees paid in 1935. This question was not raised before the Board, however, and we may not consider it. General Utilities Co. v. Helvering, 296 U.S. 200, 56 S.Ct. 185, 80 L.Ed. 154; Covington v. Commissioner of Internal Revenue, 5 Cir., 103 F.2d 201; Kottemann v. Commissioner of Internal Revenue, 9 Cir., 81 F.2d 621.

The decision is affirmed.