## ABERLE v. COMMISSIONER OF INTERNAL REVENUE.

### No. 7606.

Circuit Court of Appeals, Third Circuit.

June 23, 1941.

James F. McMullan, of Philadelphia, Pa. (Andrew R. McCown and Shields, Clark, Brown & McCown, all of Philadelphia, Pa., on the brief), for petitioner.

S. Dee Hanson, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, J. Louis Monarch, Sp. Assts. to Atty. Gen., on the brief), for respondent.

Before BIGGS, CLARK and GOODRICH, Circuit Judges.

GOODRICH, Circuit Judge.

This is a petition to review a decision of the Board of Tax Appeals upholding a ruling of the Commissioner against the taxpayer. The case raises the question whether the disposition by the petitioner of a capital asset, consisting of mortgaged premises, resulted in an ordinary loss deductible in full or in a capital loss subject to the limitations of § 117 (d) of the Revenue Act of 1934, 26 U.S.C.A. Int.Rev.Acts, page 708.

The facts were stipulated by the parties and adopted by the Board as its findings. In 1922 the petitioner became the owner by purchase of an undivided one-fourth interest in certain real estate in Philadelphia. The premises were purchased under and subject to mortgages but the vendees assumed no personal liability thereon. On October 11, 1934 the petitioner acquired an additional one-fourth interest by devise. On October 30, 1934, at which time only one mortgage remained on the property, the petitioner and his co-owners offered to give the mortgagee a deed to the premises, stating that they intended to divest themselves of title in the near future. The mortgagee inquired whether they would pay the conveyancing costs, and on December 6, 1934 petitioner and his co-owners agreed to pay these costs provided that the mortgagee accept the deed prior to January 1, 1935, or if the conveyance had not been made by then that the mortgagee would indemnify the owners for the 1935 real estate taxes. This offer was accepted by the mortgagee and confirmed in writing by letter dated December 15, 1934. Settlement was not effected until January 31, 1935. Taxes of $4,865.16 were assessed against the property as of January 1, 1935 and petitioner and his co-owners became personally liable therefor. These taxes were paid by the mortgagee on February 28, 1935.

The petitioner deducted his loss in the property as an ordinary loss sustained in 1935. The Commissioner held that it was a capital loss subject to the limitations of § 117(d), determined a deficiency accordingly, and was sustained by the Board of Tax Appeals. The parties agree that the property was a capital asset, the dispute centering solely about the question whether it was disposed of by sale or exchange.

We think this case is governed by Phillips v. Commissioner, 3 Cir., 1940, 112 F.2d 721. It was there held that a conveyance of land in consideration of the payment of taxes owed by the grantor came within the scope of § 117(d). At the time of the transfer in January 1935, the petitioner and his co-owners were personally liable for

the taxes assessed against the property, Pennsylvania Co. for Insurances, etc. v. Bergson, 1932, 307 Pa. 44, 159 A. 32. By the terms of the agreement the mortgagee assumed liability for those taxes in accepting the deed, and in fact discharged that liability. It is immaterial that the transaction took place pursuant to an agreement entered into in the prior year. The taxpayer argues that the promise to pay the taxes was "not undertaken by the mortgagee to induce the petitioner to make the conveyance to it, but rather to induce the petitioner *not* to convey title to some third party prior to the end of 1934." The distinction sought to be drawn is too fine to affect the substance of the transaction. The mortgagee got the property and the taxpayer got indemnity from the mortgagee for the taxes which were a personal obligation.

The decision of the Board of Tax Appeals is affirmed.