### COMMISSIONER OF INTERNAL REVENUE v. GREEN et ux.

No. 7835.

Circuit Court of Appeals, Third Circuit.

Argued Nov. 18, 1941.

Decided Feb. 10, 1942.

L. W. Post, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and J. Louis Monarch, Sp. Asst. to Atty. Gen., on the brief), for petitioner.

Maurice M. Green, of Philadelphia, Pa., for respondents.

Before CLARK and JONES, Circuit Judges, and GIBSON, District Judge.

JONES, Circuit Judge.

The question here involved is whether the respondent taxpayers (husband and wife) are entitled to deduct as an ordinary loss in the year 1935 the base net cost to the husband of real estate held by him for profit which he abandoned in that year to the mortgagee thereof or whether they are limited to a deduction as for a loss from the sale of a capital asset in 1936 when the property was sold at sheriff's sale upon foreclosure of the mortgage.

The parties are in agreement with respect to the net cost basis of the property, so that the quantum of the loss, as such, is not in dispute. The taxpayers deducted the loss in full in their 1935 return as an ordinary loss under Section 23(e) (2) of the 1934 Revenue Act, 48 Stat. 680, 26 U.S.C.A. Int. Rev.Acts, page 672. The Commissioner of Internal Revenue disallowed the deduction and assessed a deficiency tax for that year on the ground that the loss was deductible from income for 1936 as a loss from the sale of a capital asset in that year and then only to the limited extent allowed by Sections 23(j) and 117(d) of the applicable revenue statute; 26 U.S.C.A. Int.Rev.Acts, pages 673, 708. On the taxpayers' petition, the Board of Tax Appeals held that the loss was deductible as an ordinary loss in 1935 and that the Commissioner's deficiency assessment was in error. The pending petition for a review of the Board's decision thus presents the question above stated.

The material facts may be summarized from the Board's findings which, in view of the evidence in the case, we necessarily take as the established facts. Helvering v. National Grocery Co., 304 U.S. 282, 294, 58 S.Ct. 932, 82 L.Ed. 1346.

In 1929 the husband purchased certain real estate in Philadelphia, improved with dwellings, which he mortgaged. (The fact as to who was the mortgagor of the properties appears in the taxpayers' petition to the Board of Tax Appeals.) In 1934 the mortgagee attached the rents and the owner surrendered to the mortgagee the leases of the properties, instructing the latter to proceed with the collection of the rents and to apply the proceeds thereof to the payment of repairs, mortgage interest and taxes. It was further agreed that the mortgagor should have one year in which to pay either the mortgage or the delinquent taxes and interest and that, upon his compliance with either of these conditions, the properties would be returned to him. On September 30, 1935, the mortgagee notified the owner that, unless definite arrangements were made for the payment of the delinquent taxes and interest within five days, foreclosure proceedings would be instituted immediately. The owner then informed the mortgagee that he did not intend to pay the delinquent taxes or interest as he had abandoned all hope of retaining the properties and that it was agreeable to him for the mortgagee to proceed with foreclosure at once. Foreclosure of the mortgage was instituted in November 1935 and resulted in a sheriff's sale of the properties in 1936. Title to the properties was still in the mortgagor on December 31, 1935. The Board further found that in 1935 the properties were worth less than the amount of the mortgage, interest and taxes accrued against them.

The ruling of the Supreme Court in Helvering v. Hammel, 311 U.S. 504, 61 S. Ct. 368, 85 L.Ed. 303, 131 A.L.R. 1481 (followed in Electro-Chemical Engraving Co., Inc., v. Commissioner, 311 U.S. 513, 61 S.Ct. 372, 85 L.Ed. 308, and Helvering v. Nebraska Bridge Supply & Lumber Co., 312 U.S. 666, 61 S.Ct. 827, 85 L.Ed. 1111) is so peculiarly applicable to the facts of the instant case as to indicate at once the error of the Board's decision. The definitive event which established the taxpayers' loss within the meaning and for the purpose of the revenue laws was the sheriff's sale of the properties in 1936. A sale within the meaning of "sales or exchanges of capital assets" as dealt with in Sections 23(j) and 117(d) of the Revenue Act of 1934 contemplates a forced or judicial sale as well as a voluntary one. It is the fact that the foreclosure sale finally cuts off the mortgagor's interest in the property *and* provides the means for determining the amount of the deficiency judgment against him

which gives the sale its definitive and controlling effect as such. See Helvering v. Hammel, supra, 311 U.S. at page 512, 61 S.Ct. 368, 85 L.Ed. 303, 131 A.L.R. 1481.

The taxpayers cite and rely upon the decision of the Court of Appeals for the Second Circuit in Commissioner v. Hoffman, 117 F.2d 987, which the Board also seemed to think supported its action in the instant case. In the Hoffman case the court was of the opinion that there was ample evidence to support a specific finding by the Board that the taxpayers' interest in the property had become entirely worthless in the year when they abandoned it and so advised the mortgagee. But, furthermore, and of first importance, the taxpayers in the Hoffman case had not assumed liability for the mortgage to which their property was subject. In such circumstances, the definitive event which cuts off the taxpayers' interest in a property does not necessarily depend upon the foreclosure sale. Nor, more particularly, does the foreclosure sale then serve as a means for determining the amount of any deficiency judgment against the surrendering owners. Cf. Helvering v. Hammel, supra, 311 U.S. at page 512, 61 S.Ct. 368, 85 L.Ed. 303, 131 A.L.R. 1481. The fact in the Hoffman case that there was no mortgage liability on the part of the surrendering taxpayers was of fundamental importance to the decision in that case. See, also, Polin v. Commissioner, 3 Cir., 114 F.2d 174, where liability for the mortgage debt, interest and taxes was expressly restricted by the bond to the mortgaged property in full relief of the owners personally, and Stokes v. Commissioner, 3 Cir., 124 F.2d 335, where the taxpayers, who had been beneficial owners of property which they surrendered, were not personally liable for the mortgage debt, interest or taxes. But where, as here, the taxpayer is liable for the debt, interest and taxes by virtue of the mortgage or the bond thereby secured, the property continues until foreclosure sale to have some value which, when determined by the sale, bears directly upon the extent of the owner's liability for a deficiency judgment. Cf. Wieboldt v. Commissioner, 7 Cir., 113 F.2d 384; Philips v. Commissioner, 3 Cir., 112 F.2d 721. The distinction which we impute to the Hoffman case would seem to have been the intendment of the court in that case. As the respective filing dates show, the decision in the Hoffman case was rendered in the light of the Supreme Court's prior ruling in Helvering v. Hammel, supra. And, on the same day that the Hammel opinion was handed down, the Supreme Court also affirmed, on the authority of the Hammel case, the decision of the Court of Appeals for the Second Circuit, 110 F.2d 614, in Electro-Chemical Engraving Co., Inc., v. Commissioner, supra. The Hoffman case, therefore, cannot be considered as furnishing any support for the taxpayers' contention in the instant case, which, as we have already stated, is ruled by Helvering v. Hammel, supra.

The decision of the Board of Tax Appeals is reversed.