## Beulah B. Crane, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 110361. Promulgated April 7, 1944.

*Edward S. Bentley, Esq.*, for the petitioner.
*Carl A. Phillipps, Esq.*, for the respondent.

586

**588**

OPINION.

Tyson, *Judge*: The question for determination is the amount of the petitioner's gain or loss from the sale of the property which she had acquired by devise. The applicable statutory provisions found in the Revenue Act of 1938 are set forth in the margin.[1]

The respondent found the amount realized by petitioner on the sale to be $257,500 and the basis to be $262,042.50. The amount realized is composed of the $255,000 principal due on the mortgage at the time of the sale and the $2,500 net cash received from the purchaser, as conceded by respondent at the hearing and on brief; and

---

[1] SEC. 111. DETERMINATION OF AMOUNT OF, AND RECOGNITION OF, GAIN OR LOSS.

(a) COMPUTATION OF GAIN OR LOSS.—The gain from the sale or other disposition of property shall be the excess of the amount realized therefrom over the adjusted basis provided in section 113 (b) for determining gain, and the loss shall be the excess of the adjusted basis provided in such section for determining loss over the amount realized.

(b) AMOUNT REALIZED.—The amount realized from the sale or other disposition of property shall be the sum of any money received plus the fair market value of the property (other than money) received.

SEC. 113. ADJUSTED BASIS FOR DETERMINING GAIN OR LOSS.

(a) BASIS (UNADJUSTED) OF PROPERTY.—The basis of property shall be the cost of such property ; except that—

\*     \*     \*     \*     \*     \*     \*

(5) PROPERTY TRANSMITTED' AT DEATH.—If the property was acquired by bequest, devise, or inheritance, or by the decedent's estate from the decedent, the basis shall be the fair market value of such property at the time of such acquisition. \* \* \*

(b) ADJUSTED BASIS.—The adjusted basis for determining the gain or loss from the sale or other disposition of property, whenever acquired, shall be the basis determined under subsection (a), adjusted as hereinafter provided.

(1) GENERAL RULE.—Proper adjustment in respect of the property shall in all cases be made—

\*     \*     \*     \*     \*     \*     \*

(B) in respect of any period since February 28, 1913, for exhaustion, wear and tear, obsolescence, amortization, and depletion, to the extent allowed (but not less than the amount allowable) under this Act or prior income tax laws.

SEC. 114. BASIS FOR DEPRECIATION AND DEPLETION.

(a) BASIS FOR DEPRECIATION.—The basis upon which exhaustion, wear and tear, and obsolescence are to be allowed in respect of any property shall be the adjusted basis provided in section 113 (b) for the purpose of determining the gain upon the sale or other disposition of such property.

\*     \*     \*     \*     \*     \*     \*

the basis is the value at which the property was appraised for the purpose of the Federal estate tax, which value was in an amount identical with the amount of $255,000 principal due on the mortgage at decedent's death plus $7,042.50 accrued interest thereon. The respondent allocated the basis and the amount realized between the land and the building, as shown in our findings of fact, and then reduced the portion of the basis allocated to the building ($207,042.50) by $28,045.10 on account of depreciation on the building for the years 1932 to 1938. This resulted in an adjusted basis of $178,997.40 for the building. On the basis of his findings, he determined an ordinary gain of $24,031.45 from the sale of the building and a capital loss of $528.85 from the sale of the land.

The petitioner's first contention is that the inclusion of the amount of the mortgage in the amount realized for the property is improper, on the ground that she acquired that property encumbered by the mortgage debt, which she never assumed and for which she was never personally liable; and that consequently she did not receive, and could not have received, any benefit or consideration, as regards the mortgage, by reason of her transfer of the property subject to the mortgage. Petitioner's second contention is that, having acquired the property with a mortgage encumbrance thereon equal to its fair market value, she acquired a mere equity in the property the value of which was zero, and that when she sold the property she realized a taxable gain of only $2,500 (the $3,000 cash received less $500 as expenses of the sale).

The respondent's position is that his action in including the amount of the mortgage in the amount realized from the sale, in fixing the basis at $262,042.50, and in reducing that basis by the amount of $28,045.10 for depreciation, was not in error, and that petitioner's gain is not to be determined on the theory that she acquired and sold a mere equity in the property.

The first question presented by the respective contentions of the parties is whether the amount of the mortgage constitutes part of the "amount realized" by petitioner from the sale. Section 111 (b), *supra*, provides that the "amount realized" from the sale of property shall be "the sum of any money received plus the fair market value of the property (other than money) received." The facts show and the respondent concedes, that petitioner received money to the extent of only $2,500 from the sale. If the petitioner had assumed liability for the payment of the mortgage debt and her vendee had in turn assumed petitioner's liability, such assumption by the vendee would be the equivalent of the receipt of "money" by the petitioner to the extent of the amount of the liability so assumed. *Brons Hotels. Inc.*, 34 B. T. A. 376; *Walter F. Haass*, 37 B. T. A. 948. Cf. *United States*

v. *Hendler*, 303 U. S. 564; *Pender* v. *Commissioner*, 110 Fed. (2d) 477. However, the petitioner acquired the property by devise and did not assume liability for payment of the mortgage debt. She took title "subject to" the mortgage and never was under a personal obligation to pay it, or any part of it. *Helvering* v. *Southwest Consolidated Corporation*, 315 U. S. 194. As she was never under any personal obligation to pay the mortgage debt she received no consideration whatever when she sold and conveyed the property subject to the mortgage, except the $2,500 in money mentioned above. *Commonwealth, Inc.*, 36 B. T. A. 850; *James B. Lapsley*, 44 B. T. A. 1105; and *Polin* v. *Commissioner*, 114 Fed. (2d) 174. Except for the $2,500, the petitioner thus did not receive money, or the equivalent of money, or property (other than money) having a fair market value, and it was error for the respondent to include the amount of the mortgage in the "amount realized" from the sale.

In support of his contention that the amount of the mortgage should be included in the amount realized from the sale of the property, respondent relies upon article 44–2 of Regulations 101, which provides that in the case of a sale on the installment basis of mortgaged real property, "the amount of the mortgage, whether the property is merely taken subject to the mortgage or whether the mortgage is assumed by the purchaser, shall be included as a part of the 'selling price.'" It suffices to say that this regulation applies only to sales, on the installment plan, of real property involving deferred payments to the vendor and relates to the returning of profits from such sales. It is obvious that the sale by petitioner was not such a sale and that the regulation has no application here.

The amount realized by the petitioner from the sale, therefore, was $3,000 less the $500 paid for conveyancing, or $2,500.

The next question presented is the proper basis of the property for the determination of petitioner's gain or loss on her sale. The first and essential factor to be determined in this connection is the unadjusted basis of the property. This unadjusted basis is that established by section 113 (a) (5), *supra*, to wit, the fair market value of the property at the time of its acquisition. Time of acquisition here means the date of the husband's death. *Brewster* v. *Gage*, 280 U. S. 327; *Elizabeth G. Augustus*, 40 B. T. A. 1201; affd., 118 Fed. (2d) 38; certiorari denied, 313 U. S. 585.

There is no dispute here as to the fair market value of the apartment house property at the basic date. That value is $262,042.50, which was used for estate tax purposes. However, the property when acquired by the petitioner was encumbered by a mortgage in an amount which, together with the accrued interest thereon, was equal to the fair market value of the property. It is thus apparent that

the interest of petitioner in the apartment house property had no fair market value whatever when acquired by her. It further appears that petitioner paid nothing on the mortgage during her ownership of the property, except the interest which she paid out of the rentals received by her from the property, and this would preclude any claim of a cost basis on account of an investment in the property by the petitioner even if such claim were made. *Fulton Gold Corporation,* 31 B. T. A. 519; cf. *P. J. Hiatt,* 35 B. T. A. 292; and *Hotel Astoria, Inc.,* 42 B. T. A. 759. It follows that petitioner's unadjusted basis is zero.

The issue then narrows down to the question of whether petitioner's unadjusted basis of zero should be adjusted on account of the depreciation allowed in prior years and in the taxable year.

In the ordinary case, that is where there is a basis for property, the adjustment on account of depreciation operates to reduce that basis, which, as so reduced, is to be offset against the amount realized in determining the gain or loss; and section 113 (b) (1) (B), *supra,* in providing that the adjusted basis for determining gain or loss "shall be the basis *determined* under [section 113 (a) (5)] adjusted" for depreciation, obviously contemplates the existence of an unadjusted basis—that there exists a minuend from which depreciation allowed, or allowable can be deducted. See *Woolford Realty Co.* v. *Rose,* 286 U. S. 319, 327. We have *determined* that the unadjusted basis of the property in question, under section 113 (a) (5), is zero, and, this being true, there is, in the very nature of things, nothing to adjust—nothing from which depreciation can be deducted.

Having found that petitioner's unadjusted basis is zero and that such basis can not be adjusted to a minus quantity, we conclude and so hold that the proper basis to be used in computing petitioner's gain is zero, and, as the amount realized by her from the sale of the property was only $2,500. that her gain from the sale is in the same amount. In view of this holding it is unnecessary to decide or consider the question of whether or not depreciation on the property for prior years was properly allowed or allowable in those years; but since depreciation in the amount of $3,200 was allowed for the taxable year 1938. and that year is before us, we hold that such depreciation was improperly allowed for the reason that there is no basis upon which to compute depreciation—the unadjusted basis being zero.

In her income tax return for 1938 the petitioner reported a gain of $2,500 from the sale of the property and included one-half thereof in her income as a capital gain. In her petition she alleges error by the respondent in ruling that the building was not a capital asset and in treating the gain as an ordinary gain taxable in full. The petitioner does not argue this question and contends in her brief only

that her gain was not in excess of $2,500. The respondent contends that the building is not a capital asset within the meaning of section 117 of the Revenue Act of 1938,[2] and that the profit realized from the sale of the building is an ordinary gain taxable in full. We think the respondent's contention is sound.

Section 117, in subdivision (a), defines the term "capital assets" and states that the term "does not include  *  *  *  property, used in the trade or business, of a character which is subject to the allowance for depreciation provided in section 23 (1)." The allowance provided in section 23 (1) is "a reasonable allowance for exhaustion, wear and tear." The apartment house building is property which loses value through exhaustion, wear, and tear, and hence is property of a character which is subject to the allowance provided in section 23 (1). *Even Realty Co.*, 1 B. T. A. 355, 359, 362. The petitioner, upon default in the mortgage, was permitted to remain in possession and operate the property under an arrangement whereby the net rents or profits were applied on payment of taxes and payment of interest on the mortgage. This, in our opinion, was use of the property in the petitioner's trade or business. The building thus meets the tests of depreciable character and business use, and it is a noncapital asset and not subject to the capital gain and loss provisions of section 117, *supra.*

The parties have stipulated that, for the purpose of this proceeding, the "selling price" or the amount realized from the sale of the property "may be considered as having been allocated" between the land and building in the proportions set forth in our findings of fact. Inasmuch as $2,500 was the total "selling price," or amount realized, and such amount also constituted the sole gain derived from the sale, such gain should be allocated as follows: 5447115/25750000 to the land and 20302885/25750000 to the building. The amount allocated to the land constitutes capital gain, taxable at capital gain rates, and the amount allocated to the building constitutes ordinary gain, taxable in full.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

Smith and Disney, *JJ.*, dissent.

---

[2] SEC. 117. CAPITAL GAINS AND LOSSES.

(a) Definitions.—As used in this title—

(1) Capital Assets.—The term "capital assets" means property held by the taxpayer (whether or not connected with his trade or business), but does not include  *  *  *  property, used in the trade or business, of a character which is subject to the allowance for depreciation provided in section 23 (1) :

*    *    *    *    *    *    *

(b) Percentages Taken Into Account.—In the case of a taxpayer, other than a corporation, only the following percentages of the gain or loss recognized upon the sale or exchange of a capital asset shall be taken into account in computing net income :

*    *    *    *    *    *    *

50 per centum if the capital asset has been held for more than 24 months.