## COMMISSIONER OF INTERNAL REVENUE v. CRANE.
### No. 23.

Circuit Court of Appeals, Second Circuit.

Dec. 28, 1945.

Writ of Certiorari Granted April 29, 1946.

See 66 S.Ct. 980.

Morton K. Rothschild, of Washington, D. C., Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and Helen R. Carloss, Sp. Assts. to Atty. Gen.

Edward S. Bentley and Conklin & Bentley, all of New York City, for respondent.

Before L. HAND, SWAN, and FRANK, Circuit Judges.

L. HAND, Circuit Judge.

The Commissioner appeals from an order of the Tax Court, expunging a deficiency assessed against the taxpayer in her income tax for the year 1938. The question is, of the amount of the gain realized upon a sale in that year of a parcel of real property. The facts were as follows. The taxpayer was the widow of one, Crane, who died on January 11, 1932, and who by his will devised to her an apartment house

in Brooklyn, on which at the time there was a mortgage of $262,042.50, and which was appraised at his death at exactly that amount. The taxpayer allowed the mortgage to remain in default (accounting to the mortgagee for rentals), until the accumulated interest had risen to $15,857.71, and the mortgagee threatened to foreclose. To avoid this on November 29, 1938, she sold the property for $3000 to a realty corporation, subject to the mortgage and to past due taxes; but, since the expenses of the sale was $500, she received only $2500 net. In the years 1932-1936, inclusive, she had filed income tax returns as executrix of the devisor, in each of which she had claimed and had been allowed deductions for depreciation upon the building; and in the years 1937 and 1938 she had claimed and been allowed similar deductions in her individual income tax return. In the year here in question the Commissioner allowed her a loss upon the land, measured by the difference between its value at the time of the devise and its proper proportion of the sum of the principal of the mortgage and $2500. However, he also assessed her for a gain measured by the difference between the building's proper proportion of the same sum and its value at the time of the devise, which however he reduced by the deductions for depreciation. The appeal does not concern the figures; it only raises the question whether the taxpayer is right —as the Tax Court held, two judges dissenting—in insisting that the only gain for which she was taxable was the $2500, which she received upon the sale.

■ Although the taxpayer was the devisor's sole legatee, the Commissioner does not suggest that she was liable upon his bond, if indeed he was himself liable. The case is therefore to be decided on the assumption that her only relation to the mortgagee was that as devisee of the land, she took it encumbered by the lien of the mortgage. When we speak of her as the "mortgagor," this must be implied. Section 113(a) (5), 26 U.S.C.A. Int.Rev.Code, defines the "unadjusted basis" of property in the case of a devise as its "fair market value" when it was acquired, which in the case at bar was its appraised value as part of the devisor's estate. To find the "adjusted basis" under § 111(a) an "adjustment * * * shall * * * be made * * * for * * * wear and tear * * * to the extent allowed (but not less than the amount allowable)"; § 113

(b) (1) (B). Section 114(a) makes the "basis" for depreciation as a deduction from income the same as the "adjusted basis" fixed by § 113(b); and it follows, if the value of mortgaged property at the time of its devise is the value of the equity, as the taxpayer asserts, that the annual allowance for depreciation must be computed upon that value, and that it will represent only that fraction of the actual "wear and tear" suffered by the buildings which their proportion of the equity bears to their actual value. The gain upon which the mortgagor must pay a tax will indeed be reduced so far as actual "wear and tear" reduces the selling price, and we may assume for argument that the allowance for depreciation and this reduction will be the same. Yet, so far as the mortgagor has not been allowed for depreciation by progressive installments, the allowance will all come in one year, which is clearly contrary to the intent of the act—§ 23(*l*)— and to the uniform practice of the Treasury. Moreover, to treat the equity as the basis for depreciation requires repeated recomputations, if the mortgagor pays in installments and introduces administrative complication and confusion extremely undesirable, if it is possible to avoid them. We cannot doubt, especially in view of the long uniform practice, that the right "basis" for depreciation is the actual value of the buildings.

■■ If so, unless the "adjusted value" of the buildings is not computed upon the same value in finding the subtrahend in the equation of gain, the taxpayer gets a double deduction. By hypothesis he will have been allowed deductions seriatim, based upon the actual value of the buildings; and he will in addition have got a reduction in his gain to the extent to which actual "wear and tear" has reduced the selling price. Manifest justice demands that he must surrender one or the other, and the only question is whether the language of the statute forbids that result. The taxpayer concedes, as we understand it—in any event it is the law—that, if she had been liable upon the bond and the vendee had released her, the release would have been "property (other than money) received" within the meaning of § 111(b). United States v. Hendler, 303 U.S. 564, 58 S.Ct. 655, 82 L.Ed. 1018. She insists, however, that because she was not liable the lien should not be considered as an equivalent. But the lien of a mortgage does not

make the mortgagee a co-tenant; the mortgagor is the owner for all purposes; indeed that is why the "gage" is "mort," as distinguished from a "vivum vadium." Kortright v. Cady, 21 N.Y. 343, 344, 78 Am.Dec. 145. He has all the income from the property; he manages it; he may sell it; any increase in its value goes to him; any decrease falls on him, until the value goes below the amount of the lien. The mortgagee is a creditor, and in effect nothing more than a preferred creditor, even though the mortgagor is not liable for the debt. He is not the less a creditor because he has recourse only to the land, unless we are to deny the term to one who may levy upon only a part of his debtor's assets. When therefore upon a sale the mortgagor makes an allowance to the vendee of the amount of the lien, he secures a release from a charge upon his property quite as though the vendee had paid him the full price on condition that before he took title the lien should be cleared, or as though it were a condition upon the sale of Whiteacre that the vendee should clear the vendor's Blackacre of a mortgage. In neither case would anyone question the conclusion that the vendor had received "property (other than money)"; yet the effect is precisely the same of the transaction at bar.

■ To this the taxpayer answers that the result may be, as it was here, to subject the mortgagor to a tax upon a gain which is out of all proportion to what he in fact receives; to a tax which may indeed be greater than the whole consideration received. That is true, but it is the consequence of his continuing in a venture from which he is free to retire whenever he concludes that all opportunity for gain has ended. He is not charged with gain except upon a "sale or other disposition" of the property—§ 111(a)—and if he abandons it to the mortgagee there is no gain. Bingham v. Commissioner, 2 Cir., 105 F. 2d 971; Polin v. Commissioner, 3 Cir., 114 F.2d 174; Commissioner v. Hoffman, 2 Cir., 117 F.2d 987. Nor has the mortgagor been deprived of this expedient by the decision of the Supreme Court in Helvering v. Hammel, 311 U.S. 504, 61 S.Ct. 368, 85 L.Ed. 303, 131 A.L.R. 1481, which held that a foreclosure sale is a "sale" within § 111 (b). The Third Circuit has since then twice held that he may still abandon the property, forestalling a foreclosure sale by the tender of a deed to the mortgagee;

and we agree. Stokes v. Commissioner, 3 Cir., 124 F.2d 335; Commissioner v. Green, 3 Cir., 126 F.2d 70. Semble, Stamler v. Commissioner, 3 Cir., 145 F.2d 37. True, a slight sum of money will make the transaction a sale, even when the parties may not have looked on it as such (Blum v. Commissioner, 2 Cir., 133 F.2d 447); but escape is open to the mortgagor as soon as he decides to treat the venture as at an end. If he does not, especially when as here he seeks to realize a profit upon it, it is plainly right that he should be compelled to take the transaction as a whole, including such past advantages as he may have been entitled to as allowances for depreciation.

Order reversed.

SWAN, Circuit Judge (dissenting).

I think that the order should be affirmed for the reasons stated in the Tax Court's opinion, 3 T. C. 585.