**WOODSAM ASSOCIATES, Inc. v. COMMIS-SIONER OF INTERNAL REVENUE.**

No. 195, Docket 22184.

United States Court of Appeals Second Circuit.

July 8, 1952.

Jacob Rabkin, Mark H. Johnson, David C. Anchin, New York City (Alvin D. Lurie, New York City, of counsel), for petitioner.

Ellis N. Slack, Acting Asst. Atty. Gen., A. F. Prescott and Carlton Fox, Special Assts. to the Atty. Gen., for respondent.

Before SWAN, Chief Judge, and CHASE and CLARK, Circuit Judges.

CHASE, Circuit Judge.

The petitioner paid its income and declared value excess profits taxes for 1943 as computed upon returns it filed which included as part of its gross income $146,058.10 as gain realized upon the mortgage foreclosure sale in that year of improved real estate

which it owned and which was bid in by the mortgagee for a nominal sum. It filed a timely claim for refund on the ground that its adjusted basis for the property had been understated and its taxable gain, therefore, was less than that reported. The refund claim was denied and a deficiency in both its income taxes and declared value excess profits taxes was determined which was affirmed, without dissent, in a decision reviewed by the entire Tax Court. The decisive issue now presented is whether the basis for determining gain or loss upon the sale or other disposition of property is increased when, subsequent to the acquisition of the property, the owner receives a loan in an amount greater than his adjusted basis which is secured by a mortgage on the property upon which he is not personally liable. If so, it is agreed that part of the income taxes and all of the declared value excess profits taxes paid for 1943 should be refunded.

A comparatively brief statement of the admitted facts and their obvious, and conceded, tax consequences will suffice by way of introduction.

On December 29, 1934, Samuel J. Wood and his wife organized the petitioner and each transferred to it certain property in return for one-half of its capital stock. One piece of property so transferred by Mrs. Wood was the above mentioned parcel of improved real estate consisting of land in the City of New York and a brick building thereon divided into units suitable for use, and used, in retail business. The property was subject to a $400,000 mortgage on which Mrs. Wood was not personally liable and on which the petitioner never became personally liable. Having, thus, acquired the property in a tax free exchange, I.R.C. § 112(b) (5), 26 U.S.C.A. § 112(b) (5), the petitioner took the basis of Mrs. Wood for tax purposes. I.R.C. § 113(a) (8), 26 U.S. C.A. § 113(a) (8). Upon the final disposition of the property at the foreclosure sale there was still due upon the mortgage the principal amount of $381,000 and, as the petitioner concedes,[1] the extent to which the amount of the mortgage exceeds its adjusted basis was income taxable to it even though it was not personally liable upon the mortgage. Crane v. C. I. R., 331 U.S. 1, 67 S.Ct. 1047, 91 L.Ed. 1301.

Turning now to the one item whose effect upon the calculation of the petitioner's adjusted basis is disputed, the following admitted facts need to be stated. Mrs. Wood bought the property on January 20, 1922 at a total cost of $296,400. She paid $101,400 in cash, took the title subject to an existing mortgage for $120,000 and gave a purchase money bond and second mortgage for $75,000. She had made payments on the first mortgage reducing it to $112,500, when, on December 30, 1925, both of the mortgages were assigned to the Title Guarantee and Trust Company. On January 4, 1926 Mrs. Wood borrowed $137,500 from the Title Guarantee & Trust Company and gave it a bond and mortgage for $325,000 on which she was personally liable, that being the amount of the two existing mortgages, which were consolidated into the new one, plus the amount of the cash borrowed. On June 9, 1931 this consolidated mortgage was assigned to the East River Savings Bank and, shortly thereafter, Mrs. Wood borrowed an additional $75,000 from that bank which she received upon the execution of a second consolidated mortgage for $400,000 comprising the principal amount due on the first consolidated mortgage plus the additional loan. However, this transaction was carried out through the use of a "dummy" so that, under New York law, Mrs. Wood

---

[1] The petitioner requested a finding that the value of the property was less than the principal amount due on the mortgage which, it was apparently urged, prevented it from realizing the full amount due thereon. The authority cited was footnote 37 in Crane v. Commissioner, 331 U.S. 1, 67 S.Ct. 1047, 1054, 91 L.Ed. 1301, where the Court said, "Obviously, if the value of the property is less than the amount of the mortgage, a mortgagor who is not personally liable cannot realize a benefit equal to the mortgage. Consequently, a different problem might be encountered where a mortgagor abandoned the property or transferred it subject to the mortgage without receiving boot. * * *" However, the petitioner has disclaimed reliance upon that and, we think, advisedly so. Cf. Parker v. Delaney, 1 Cir., 186 F.2d 455.

was not personally liable on this bond and mortgage. See In re Childs Co., 2 Cir., 163 F.2d 379. This was the mortgage, reduced as above stated, which was foreclosed.

The contention of the petitioner may now be stated quite simply. It is that, when the borrowings of Mrs. Wood subsequent to her acquisition of the property became charges solely upon the property itself, the cash she received for the repayment of which she was not personally liable was a gain then taxable to her as income to the extent that the mortgage indebtedness exceeded her adjusted basis in the property. That being so, it is argued that her tax basis was, under familiar principles of tax law, increased by the amount of such taxable gain and that this stepped up basis carried over to the petitioner in the tax free exchange by which it acquired the property.

 While this conclusion would be sound if the premise on which it is based were correct, we cannot accept the premise. It is that the petitioner's transferor made a taxable disposition of the property, within the meaning of I.R.C. § 111(a), 26 U.S.C.A. § 111(a), when the second consolidated mortgage was executed, because she had, by then, dealt with it in such a way that she had received cash, in excess of her basis, which, at that time, she was freed from any personal obligation to repay. Nevertheless, whether or not personally liable on the mortgage, "The mortgagee is a creditor, and in effect nothing more than a preferred creditor, even though the mortgagor is not liable for the debt. He is not the less a creditor because he has recourse only to the land, unless we are to deny the term to one who may levy upon only a part of his debtor's assets." C. I. R. v. Crane, 2 Cir., 153 F.2d 504, 506. Mrs. Wood merely augmented the existing mortgage indebtedness when she borrowed each time and, far from closing the venture, remained in a position to borrow more if and when circumstances permitted and she so desired. And so, she never "disposed" of the property to create a taxable event which § 111(a) I.R.C. makes a condition precedent to the taxation of gain. "Disposition," within the meaning of § 111(a), is the " 'getting rid, or making over, of anything; relinquishment' ". Her-

ber's Estate v. Commissioner, 3 Cir., 139 F. 2d 756, 758, certiorari denied 322 U.S. 752, 64 S.Ct. 1263, 88 L.Ed. 1582. Nothing of that nature was done here by the mere execution of the second consolidated mortgage; Mrs. Wood was the owner of this property in the same sense after the execution of this mortgage that she was before. As was pointed out in our decision in the Crane case, supra, 153 F.2d at 505–506, " * * * the lien of a mortgage does not make the mortgagee a cotenant; the mortgagor is the owner for all purposes; indeed that is why the 'gage' is 'mort,' as distinguished from a 'vivum vadium.' Kortright v. Cady, 21 N.Y. 343, 344, 78 Am.Dec. 145. He has all the income from the property; he manages it; he may sell it; any increase in its value goes to him; any decrease falls on him, until the value goes below the amount of the lien." Realization of gain was, therefore, postponed for taxation until there was a final disposition of the property at the time of the foreclosure sale. See Lutz & Schramm Co., 1 T.C. 682; Mendham Corp., 9 T.C. 320. Therefore, Mrs. Wood's borrowings did not change the basis for the computation of gain or loss.

Affirmed.