T.C. Memo. 2014-19

UNITED STATES TAX COURT

FIELDS CURTIS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7432-12.                    Filed January 28, 2014.

Fields Curtis, pro se.

<u>Timothy R. Berry</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

MARVEL, <u>Judge</u>:  Respondent determined a deficiency in petitioner's

Federal income tax of $80,319, an addition to tax under section 6651(a)(1)[1] of

_____

[1]Unless otherwise indicated, all section references are to the Internal
Revenue Code (Code) in effect for the year in issue, and all Rule references are to
the Tax Court Rules of Practice and Procedure.  Monetary amounts have been

(continued...)

[*2] $20,118, and an accuracy-related penalty under section 6662(a) of $16,064

for 2007. After concessions,[2] the issues for decision are: (1) whether petitioner

had unreported capital gain of $432,350 from the involuntary conversion of

residential real property for 2007; (2) whether petitioner is entitled to a real estate

loss of $25,000 for 2007; (3) whether petitioner is liable for an addition to tax

under section 6651(a)(1) for 2007; and (4) whether petitioner is liable for an

accuracy-related penalty under section 6662(a) for 2007.

## FINDINGS OF FACT

Some of the facts have been stipulated. The stipulations of facts are

incorporated herein by this reference. When he petitioned this Court, petitioner

resided in California.

Petitioner's Residential Apartment Building

In 1991 petitioner purchased a residential apartment building for $82,500.

The apartment building had 11 private rooms, shared kitchens and bathrooms, and

a total living area of 3,306 square feet. Petitioner resided in one room of the

apartment building with a total living area of 165 square feet.

---

[1](...continued)
rounded to the nearest dollar.

[2]Respondent concedes that petitioner purchased the apartment building for
$82,500.

**[*3]** Condemnation Proceedings

In June 2006 the Los Angeles Unified School District initiated an eminent domain proceeding against petitioner in the Superior Court of California, County of Los Angeles, to acquire the apartment building. On or about July 19, 2006, (1) the school district deposited $610,000 into an account for petitioner as probable compensation for the taking of the apartment building,[3] and (2) the superior court issued an order authorizing the school district to take possession of the apartment building on October 25, 2006. On October 24, 2007, the superior court entered a judgment in condemnation providing for the sale of the apartment building to the school district for $720,000. Petitioner did not purchase replacement property within the meaning of section 1033.

Petitioner's Income Tax Reporting

Petitioner did not receive an extension of time to file his 2007 Federal income tax return. Petitioner filed a Form 1040, U.S. Individual Income Tax Return, for 2007 on October 13, 2008. Petitioner filed a Form 1040X, Amended U.S. Individual Income Tax Return (2007 amended return), for 2007 dated August

---

[3]The superior court authorized the payment of this amount to petitioner on or about December 5, 2006. Neither party has raised the issue of whether petitioner should have reported this amount as income for 2006. Accordingly, we will not address this issue.

[*4] 23, 2010.[4]  On his 2007 amended return petitioner reported taxable income and total tax of $9,781 and $1,075, respectively.  On a Form 4797, Sales of Business Property, attached to his 2007 amended return petitioner reported total gain of $43,531 from the involuntary conversion of the apartment building.  The Form 4797 calculated petitioner's total gain as follows:

| | |
|---|---:|
| Gross sales price | $720,000 |
| | |
| Cost or other basis plus expense of sale | 770,687 |
| Depreciation | 94,218 |
| Adjusted basis | 676,469 |
| Total gain | 43,531 |

On a worksheet attached to petitioner's 2007 amended return petitioner calculated his basis before depreciation in the apartment building as follows:

| | Regular tax | AMT |
|---|---:|---:|
| Original cost or other basis | $241,127 | $241,127 |
| Improvements and restorations | 461,504 | 461,504 |
| Expense of sale | 68,056 | 68,056 |
| Basis before depreciation | 770,687 | 770,687 |

Additionally, on a Schedule E, Supplemental Income and Loss, attached to his 2007 amended return petitioner reported rents received and a deductible rental real estate loss of zero and $25,000, respectively.

---

[4]Petitioner hired a paid preparer to prepare his 2007 amended return.

**[*5]**                                                    OPINION

## I.    Burden of Proof

Generally, the Commissioner's determination of a deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is improper. See Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933). If, however, a taxpayer produces credible evidence[5] with respect to any factual issue relevant to ascertaining the taxpayer's liability for any tax imposed by subtitle A or B of the Code and satisfies the requirements of section 7491(a)(2), the burden of proof on any such issue shifts to the Commissioner. Sec. 7491(a)(1). Section 7491(a)(2) requires a taxpayer to demonstrate that he (1) complied with requirements under the Code to substantiate any item, (2) maintained all records required under the Code, and (3) cooperated with reasonable requests by the Secretary[6] for witnesses, information, documents, meetings, and interviews. See also Higbee v. Commissioner, 116 T.C. 438, 440-441 (2001).

---

[5]"Credible evidence is the quality of evidence which, after critical analysis, the court would find sufficient upon which to base a decision on the issue if no contrary evidence were submitted (without regard to the judicial presumption of IRS correctness).'" Higbee v. Commissioner, 116 T.C. 438, 442 (2001) (quoting H.R. Conf. Rept. No. 105-599, at 240-241 (1998), 1998-3 C.B. 747, 994-995).

[6]The term "Secretary" means the Secretary of the Treasury or his delegate. Sec. 7701(a)(11)(B).

**[*6]** Petitioner contends that the burden of proof should shift to respondent under section 7491(a). However, the record shows that petitioner did not meet the requirements of section 7491(a)(1) and (2). Accordingly, the burden of proof remains on petitioner.

II. Involuntary Conversion Income

A. Petitioner's Gain From the Involuntary Conversion

Gross income includes all income from whatever source derived, including gains derived from dealings in property. See sec. 61(a)(3). Gain from the sale or exchange of property must be recognized, unless the Code provides otherwise. Sec. 1001(c). Section 1001(a) defines gain from the sale of property as the excess of the amount realized on the sale of the property over the adjusted basis of the property sold or exchanged. See also sec. 1.61-6(a), Income Tax Regs. The amount realized is the sum of any money received plus the fair market value of any other property received, reduced by the expenses of selling the property. See sec. 1001(b); Chapin v. Commissioner, 12 T.C. 235, 238 (1949), aff'd, 180 F.2d 140 (8th Cir. 1950).

Section 1011 provides that a taxpayer's adjusted basis for determining the gain or loss from the sale or other disposition of property shall be its cost, adjusted to the extent provided in section 1016. See also sec. 1012. A property's cost is

[*7] "the amount paid for such property in cash or other property."  Sec. 1.1012-1(a), Income Tax Regs.  The term "cost" includes "any indebtedness to the seller for the purchase price of the property and any indebtedness to a third party secured by the property", as well as expenses a taxpayer incurs in acquiring the property.  Metrocorp, Inc. v. Commissioner, 116 T.C. 211, 242 (2001).  The taxpayer may increase his basis in the property even if he does not personally assume the indebtedness.  See Crane v. Commissioner, 331 U.S. 1, 11-12 (1947).  If a taxpayer places a mortgage on property he already owns, the mortgage generally does not affect the basis of the property.  See Woodsam Assocs., Inc. v. Commissioner, 16 T.C. 649 (1951), aff'd, 198 F.2d 327 (2d Cir. 1952).

Under section 1016(a)(1), the basis of property must be adjusted for expenditures, receipts, losses, or other items properly chargeable to capital account.  The costs of improvements and betterments made to a taxpayer's property are among the items properly chargeable to capital account.  See sec. 1.1016-2(a), Income Tax Regs.  The taxpayer has the burden of proving the basis of property for purposes of determining the amount of gain the taxpayer must recognize.  See O'Neill v. Commissioner, 271 F.2d 44, 50 (9th Cir. 1959), aff'g T.C. Memo. 1957-193.

**[\*8]**  The parties agree that the amount petitioner realized from the involuntary conversion of the apartment building was $720,000.  The parties disagree, however, with respect to petitioner's adjusted basis in the apartment building.  Respondent contends that petitioner had an adjusted basis in the apartment building of $221,114.[7]  Petitioner contends that respondent's basis calculation is erroneous.

The parties agree that petitioner purchased the apartment building for $82,500.  They appear to disagree, however, regarding the costs of various improvements that petitioner made to the apartment building.  Respondent contends that petitioner paid improvement costs of $129,938.  Petitioner offered testimony regarding various improvements that he made to the apartment building and several receipts and contracts for work on the property.  However, taken together, petitioner's testimony and documentary evidence fail to persuasively show that petitioner had a basis in the apartment building that is greater than the basis that respondent allowed or has conceded.  Accordingly, we sustain respondent's revised basis calculation.

---

[7]Respondent's brief erroneously computes petitioner's basis as $221,364 but also includes the correctly computed amount of $221,114.  Respondent's proposed findings of fact state that petitioner's basis in the apartment building is $220,718.  However, this lower amount appears to be the result of a transpositional error.

**[*9]** B.     Section 1033

Section 1033(a) provides that when property is compulsorily or involuntarily converted no gain shall be recognized if within two years the taxpayer purchases other property similar or related in service or use to the condemned property.  Section 1033(g) provides that when property held for productive use in a trade or business or for investment is compulsorily or involuntarily converted, property of a like kind to be similarly held shall be treated as property similar or related in service to the property converted.  If the requirements of section 1033 are complied with, recognition of gain on the sale of property is limited to the difference between the amount realized and the cost of replacement property.  Sec. 1033(a)(2)(A).

The parties stipulated that petitioner did not purchase replacement property for the apartment building within the meaning of section 1033.  Accordingly, we conclude that section 1033 does not exempt petitioner from recognizing the amount realized from the involuntary conversion of the apartment building.

C.     Section 121

Section 121 provides for the exclusion from gross income of up to $250,000 of gain from the sale or exchange of property if the property was owned and used by a taxpayer as the taxpayer's principal residence for periods aggregating two

**[*10]** years or more during the five-year period preceding the sale or exchange. See sec. 121(a) and (b). If the taxpayer uses only a portion of the property as the taxpayer's principal residence, only the gain allocable to that portion is excludable under section 121. See sec. 1.121-1(e)(1), Income Tax Regs.

The parties stipulated that petitioner used only 165 of 3,306 square feet, or close to 5%, of the apartment building as his personal residence. Respondent allowed petitioner to exclude 5% of the gain from gross income. Petitioner has not introduced any evidence or made any argument regarding whether any portion of the gain attributable to the shared facilities of the apartment building should be excluded under section 121. Accordingly, we conclude that petitioner is entitled to exclude only 5% of the gain from the involuntary conversion of the apartment building under section 121.

III. Real Estate Loss

Respondent disallowed petitioner's claimed rental real estate loss of $25,000. Generally, a taxpayer who is carrying on a trade or business may deduct ordinary and necessary expenses incurred in connection with the operation of the business. Sec. 162(a). On or about July 19, 2006, the superior court authorized the school district to take possession of the apartment building on October 25,

[*11] 2006, and we infer from the record that the school district did so.[8] Additionally, petitioner reported rents received of zero for 2007. Accordingly, we conclude that petitioner was not engaged in the trade or business of renting real estate in 2007 and is therefore not entitled to deduct the claimed rental real estate loss.

## IV.    Addition to Tax and Penalty

### A.    Burden of Proof

The Commissioner bears the burden of production with respect to a taxpayer's liability for additions to tax and penalties and must produce sufficient evidence indicating that it is appropriate to impose the additions to tax or penalties. See sec. 7491(c); Higbee v. Commissioner, 116 T.C. at 446-447. Once the Commissioner carries the burden of production, the taxpayer must come forward with persuasive evidence that the Commissioner's determination is incorrect or that the taxpayer had reasonable cause or substantial authority for the position. See Higbee v. Commissioner, 116 T.C. at 447.

---

[8]Petitioner does not claim that he owned any other rental property during 2006 or 2007.

**[*12]  B.     Addition to Tax Under Section 6651(a)(1)**

Section 6651(a)(1) authorizes the imposition of an addition to tax for failure to timely file a return, unless it is shown that such failure is due to reasonable cause and not due to willful neglect.  See United States v. Boyle, 469 U.S. 241, 245 (1985); United States v. Nordbrock, 38 F.3d 440, 444 (9th Cir. 1994).  A failure to timely file a Federal income tax return is due to reasonable cause if the taxpayer exercised ordinary business care and prudence but nevertheless was unable to file the return within the prescribed time.  See sec. 301.6651-1(c)(1), Proced. & Admin. Regs.  Circumstances that are considered to constitute reasonable cause for failure to timely file a return are typically those outside of the taxpayer's control, including, for example:  (1) unavoidable postal delays; (2) the timely filing of a return with the wrong office; (3) the death or serious illness of a taxpayer or a member of the taxpayer's immediate family; (4) a taxpayer's unavoidable absence from the United States; (5) destruction by casualty of a taxpayer's records or place of business; and (6) reliance on the erroneous advice of an Internal Revenue Service officer or employee.  McMahan v. Commissioner, 114 F.3d 366, 369 (2d Cir. 1997), aff'g T.C. Memo. 1995-547.

The parties agree that petitioner failed to timely file a Federal income tax return for 2007.  Accordingly, respondent has carried his burden of producing

**[*13]** evidence showing that an addition to tax under section 6651(a)(1) for 2007 is appropriate.

Petitioner has failed to introduce evidence showing that he had reasonable cause for failing to timely file a 2007 Federal income tax return. Accordingly, we conclude that petitioner is liable for an addition to tax under section 6651(a)(1).

C.     Accuracy-Related Penalty Under Section 6662(a)

Section 6662(a) and (b)(1) and (2) authorizes the Commissioner to impose a 20% penalty on an underpayment of tax that is attributable to, among other things, (1) negligence or disregard of rules or regulations or (2) any substantial understatement of income tax. Only one section 6662 accuracy-related penalty may be imposed with respect to any given portion of an underpayment. New Phoenix Sunrise Corp. v. Commissioner, 132 T.C. 161, 187 (2009), aff'd, 408 Fed. Appx. 908 (6th Cir. 2010); sec. 1.6662-2(c), Income Tax Regs.

The term "negligence" includes any failure to make a reasonable attempt to comply with the provisions of the internal revenue laws, and the term "disregard" includes any careless, reckless, or intentional disregard. Sec. 6662(c); sec. 1.6662-3(b)(1) and (2), Income Tax Regs. "'Negligence' also includes any failure by the taxpayer to keep adequate books and records or to substantiate items properly." Sec. 1.6662-3(b)(1), Income Tax Regs. Disregard of rules or

**[\*14]** regulations "is 'careless' if the taxpayer does not exercise reasonable diligence to determine the correctness of a return position" and "is 'reckless' if the taxpayer makes little or no effort to determine whether a rule or regulation exists, under circumstances which demonstrate a substantial deviation from the standard of conduct that a reasonable person would observe." Sec. 1.6662-3(b)(2), Income Tax Regs.; see also Neely v. Commissioner, 85 T.C. 934, 947 (1985). An understatement means the excess of the amount of the tax required to be shown on the return over the amount of the tax imposed which is shown on the return, reduced by any rebate. Sec. 6662(d)(2)(A). An understatement is substantial in the case of an individual if the amount of the understatement for the taxable year exceeds the greater of 10% of the tax required to be shown on the return or $5,000. Sec. 6662(d)(1)(A).

On his 2007 amended return petitioner reported total tax of $1,075. The amount required to be shown on the return and the understatement as determined by respondent in the notice of deficiency are $81,394 and $80,319, respectively. With the exception of respondent's concession regarding petitioner's basis in the apartment building we have sustained respondent's deficiency determination. Even after respondent's concession petitioner's understatement will be greater than 10% of the amount required to be shown on the return, which will be greater

**[\*15]** than $5,000.  Accordingly, respondent has shown that an accuracy-related penalty for 2007 is appropriate.

A taxpayer can avoid liability for the accuracy-related penalty with respect to any portion of the underpayment for which the taxpayer proves that there was reasonable cause and that he or she acted in good faith.  Sec. 6664(c)(1).  The decision as to whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all of the pertinent facts and circumstances.  See sec. 1.6664-4(b)(1), Income Tax Regs.  "Circumstances that may indicate reasonable cause and good faith include an honest misunderstanding of fact or law that is reasonable in light of all of the facts and circumstances, including the experience, knowledge, and education of the taxpayer."  Id.

A taxpayer may also establish reasonable cause and good faith by introducing evidence that he relied on a professional tax adviser.  To prove that the taxpayer's reliance on an adviser establishes reasonable cause and good faith, the taxpayer must prove that (1) the taxpayer selected a competent tax adviser, (2) the taxpayer supplied the adviser with all relevant information, and (3) the taxpayer relied in good faith on the adviser's professional judgment.  See Neonatology Assocs., P.A. v. Commissioner, 115 T.C. 43, 99 (2000), aff'd, 299 F.3d 221 (3d Cir. 2002).

**[\*16]** Although petitioner hired a paid tax preparer to prepare his 2007 amended return, petitioner did not introduce any credible evidence showing that he (1) selected a competent tax return preparer or (2) supplied accurate and complete information to his tax return preparer. Accordingly, we conclude that petitioner is liable for a section 6662(a) penalty for an underpayment of tax attributable to a substantial understatement of income tax.

We have considered the parties' remaining arguments, and to the extent not discussed above, conclude those arguments are irrelevant, moot, or without merit.

To reflect respondent's concession and the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.