## WARD M. CANADY, Inc., v. COMMISSIONER OF INTERNAL REVENUE.*
### No. 5519.

Circuit Court of Appeals, Third Circuit.
Feb. 28, 1935.

George W. Ritter, of Toledo, Ohio, and Bernhard Knollenberg and Lord, Day & Lord, all of New York City, for petitioner.

Frank J. Wideman, Asst. Atty. Gen., and John MacC. Hudson and Sewall Key, Sp. Assts. to Atty. Gen., for respondent.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

*Rehearing denied May 1, 1935.

BUFFINGTON, Circuit Judge.

The complicated facts in this case make it one wholly of its own kind, and on those facts, narrowing to its basic factor, the question involved is whether the payment to the taxpayer complained of was made in partial liquidation of a corporation. In that regard the Tax Board held: "A full consideration of all of the facts in this case leads us, as it did the Commissioner, to the conclusion that all of the amounts distributed on December 26, 1928, were distributed in liquidation of the corporation. Although the Dealers Finance Co. was authorized to do a number of things under its charter, as theretofore amended, there can be no question as to the business in which it was actually and regularly engaged prior to March, 1928. In March, 1928, it disposed of all of its assets with which it had carried on that business and never thereafter engaged in that business. Cf. James P. Gossett v. Commissioner, 22 B. T. A. 1279, affirmed (C. C. A.) 59 F.(2d) 365; Milton Tootle, Jr., v. Commissioner, 20 B. T. A. 892, affirmed (C. C. A.) 58 F.(2d) 576. From that time until it made the distributions here in question, it carried on no business but limited its activities to the conversion into cash of some of the securities received in exchange for its former assets and to the retirement of its Class B stock. Then came December 26, 1928, with the resolutions and distributions described above. Thereafter the corporation was dead so far as its old business was concerned, a mere empty shell without shareholders or property. Cf. Rochester Ry. Co. v. Rochester, 205 U. S. 236, 27 S. Ct. 469, 51 L. Ed. 784. Later, new stockholders refilled the shell with different property. The corporation then went into a new and totally different life. Its failure to dissolve is not inconsistent with our holding that the distributions were in liquidation of the corporation. Frelmort Realty Corporation v. Commissioner, 29 B. T. A. 181. The facts here show that the corporation was in the course of liquidation at the time of the distribution and that it completed its liquidation on the same day. The distribution of the $500,509.69 was a step in that process. Cf. Fred T. Wood v. Commissioner, 27 B. T. A. 162."

After full consideration of the facts and questions involved as above, and also of the contention as to the $25,000 item, we find no error in the conclusion reached by the Tax Board. The evidence justified its

conclusion that the payments made were payments made in partial liquidation. Such being the case, and without further discussion, we limit ourselves to affirming the action of the Board.