## J. H. MARTINUS & SONS v. COMMIS-SIONER OF INTERNAL REVENUE.
### No. 9578.

Circuit Court of Appeals, Ninth Circuit.
Dec. 31, 1940.

Philip G. Sheehy, of San Jose, Cal., and W. H. Morrissey, of Redwood City, Cal., for petitioner.

Samuel O. Clark Jr., Asst. U. S. Atty. Gen., and Norman D. Keller, Morton K. Rothschild, and Michael H. Cardozo, IV, Sp. Assts. to Atty. Gen., for respondent.

Before MATHEWS, HANEY, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

Petition to review a decision of the Board of Tax Appeals sustaining the assessment of a deficiency in income taxes paid for the year 1935. The question presented is whether the taxpayer may deduct as a business expense salaries authorized but not paid during the tax year, where the return was prepared on the cash basis.

The taxpayer is a small family corporation engaged in farming. The officers and principal stockholders, members of the Martinus family, give their full time to the business. At a meeting of the directors and stockholders held during 1935 salaries of $3,400 were authorized for each of three officers. Each officer had the privilege of drawing on the corporate bank account without consulting any of the others, and it was their custom to draw salaries as needed. The salaries authorized were drawn to a partial extent only, that is, the officers actually drew during 1935 the total sum of $1,131.07 on salary account. In computing the net corporate income for the year the whole authorized amount of $10,-200 was deducted. The Commissioner allowed salary deductions in the amounts actually paid but disallowed the excess.

The corporate accounts were kept and income tax returns ostensibly made on the cash basis. The sums in excess of the amounts actually withdrawn by the officers

were not entered or credited in the books, which were informal and maintained irregularly. Notes were not given for the unpaid amounts and no entries appear showing that the money was set aside for the officers. However, each of the three reported in his individual return for 1935 the full $3,400 as taxable income.

■ The controlling provisions of the Revenue Act of 1934 are copied on the margin.[1] In a case like the present, where a corporation maintains its accounts on the basis of cash receipts and disbursements, reasonable salaries actually paid to officers are entitled to be deducted in the year in which the payment is made. Conversely, taxpayers keeping their accounts and making their returns on an accrual basis may deduct salaries accruing although not paid during the tax year. Petitioner confessedly belongs in the first category and was entitled to deduct salaries to the extent it actually paid them, but no more. As said in Massachusetts Mutual Life Ins. Co. v. United States, 288 U.S. 269, 53 S.Ct. 337, 339, 77 L.Ed. 739, "it is settled beyond cavil that taxpayers * * * may not accrue receipts and treat expenditures on a cash basis or vice versa. Nor may they accrue a portion of income and deal with the remainder on a cash basis, nor take deductions partly on one and partly on the other basis."

■ Petitioner argues that the salaries authorized ought to be treated as having been constructively paid. The Commissioner concedes that there are circumstances in which a taxpayer, although on a cash basis, is entitled to treat money not actually paid out as though it had been so paid. But without discussion of special situations of that sort, it is enough to say that there is nothing here to support the notion of constructive payment. The authorities petitioner cites do not sustain its argument.[2]

Affirmed.

---

1 "§ 23. *Deductions from gross income.* In computing net income there shall be allowed as deductions:

"(a) *Expenses.* All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered; * * *." 26 U.S.C.A. Int.Rev. Code, § 23(a)(1).

"§ 41. *General rule*

"The net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; but if no such method of accounting has been so employed, or if the method employed does not clearly reflect the income, * * *." 26 U.S.C.A. Int. Rev.Code, § 41.

"§ 48. *Definitions*

"When used in this title [chapter]— * * *

"(c) *Paid, Incurred, Accrued.* The terms 'paid or incurred' and 'paid or accrued' shall be construed according to the method of accounting upon the basis of which the net income is computed under this Part." 26 U.S.C.A. Int.Rev.Code, § 48(c).

2 The principal decisions relied on are Sanford Corp. v. Commissioner, 3 Cir., 106 F.2d 882 and Jacobus v. United States, Ct.Cl., 9 F.Supp. 41.