## L. T. CAMPBELL, Inc., et al. v. COMMIS-SIONER OF INTERNAL REVENUE.

### CAMPBELL v. SAME (two cases).

### No. 11685.

Circuit Court of Appeals, Fifth Circuit.

Feb. 11, 1947.

W. Edward Lee, of Tyler, Tex., for petitioners.

Louise Foster, Robert N. Anderson, and Sewall Key, Sp. Assts. to Atty. Gen. Douglas W. McGregor, Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, and Bernard D. Daniels, Sp. Atty., both of Bureau of Internal Revenue, both of Washington, D. C., for Commissioner of Internal Revenue.

Before HOLMES, McCORD, and WALLER, Circuit Judges.

HOLMES, Circuit Judge.

This petition for review involves income taxes for the calendar year 1941 and for part of the calendar year 1942. The question presented is whether the corporation conducted the business involved and, therefore, is taxable on the income earned therefrom under Section 13, of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 13.

Before the taxable period, the corporation was organized to take over the teaming and trucking business of the L. T. Camp-bell Estate, which the widow and son as independent co-executors had been carrying on after the decedent's death. After the corporation came into existence, this business was carried on as it had been before but with certain significant changes.

The petitioners contend that there was no formal transfer of property to the corporation, that the corporate entity should be ignored, and that they, as individuals, should be regarded as the ones owing the taxes. Upon the stipulated facts and the undisputed evidence, they contend that there is no warrant in the record or reasonable basis in law for the Tax Court's finding or inference that the corporation earned the income upon which the taxes here involved were assessed. They do not contend that income is not taxable because it may result from the ultra vires acts of a corporation. They insist that the corporate charter was permitted to lie dormant and unused; that the Tax Court did not find anything done to complete the corporate structure; that its findings clearly show the same was not completed. They further argue that the corporate organization was not reported; that no franchise tax was paid; that no corporate assets were acquired; that no books of account were kept; and that no corporate officers functioned. In other words, their contention is that the corporate powers were never exercised, that no business was done by the corporation, and that necessarily no income was earned by it.

Although there was no formal conveyance of the property, according to the respondent's contention, the evidence shows that those in charge of the business of the corporation had actual physical possession and control of all the property used therein, and listed the same in an affidavit accompanying the corporate charter as being the property received from the five members of the Campbell family in the payment of the capital stock issued to them. Respondent contends that the factual situation made corporate operation most reasonable; that prior to its incorporation the business was managed by the decedent and his executors; that all of it was personal property and had been turned over to the corporation in payment of the stock sub-

scriptions of the incorporators; that the failure to observe certain formalities in its organization did not prevent the creation of the corporate entity; and that corporate assets were acquired, books of account kept, corporate income-tax returns filed, income taxes paid, social-security returns filed, social-security taxes paid, all by and in the name of the corporation, which held out to the world that petitioners were doing business for the corporation. Other acts to the same effect were the following: Several insurance polices were issued in favor of the corporation; trucks and trailers used in the business had license-tags in the corporate name; some of the trucks bore the legend "L. T. Campbell, Inc.," painted thereon; a corporate stock-certificate book was acquired; United States documentary stamps were purchased ; and business letters were written on stationery that had the corporate name inscribed thereon.

The Tax Court found that the business involved here was conducted by the corporation, and held that the corporation was taxable on said business. This being purely a question of fact and there being substantial evidence to support the Tax Court's finding, we think its judgments were correct and should be affirmed. It is so ordered.

Affirmed.