Anne K. HEUBLEIN and Gilbert W. Heublein, Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 274, Docket 23935.

United States Court of Appeals Second Circuit.

Argued March 15, 1956.

Decided May 15, 1956.

Stanley Ide LaCov, New York City, for petitioners.

Charles K. Rice, Acting Asst. Atty. Gen. (Lee A. Jackson, Helen A. Buckley, Washingon, D. C., on the brief), for respondent.

Before FRANK, LUMBARD and WATERMAN, Circuit Judges.

PER CURIAM.

 The taxpayer, Gilbert W. Heublein, is a doctor who during 1950 and 1951 employed two other doctors in his practice. The employment contract provided that, in addition to the salaries paid by the taxpayer to the employees, he would accrue in their favor certain percentages of the income from the practice. At the termination of the period of the contract the employee doctors were to have the option to enter into a partnership with the taxpayer. If they entered into such a partnership, the amounts accrued in their favor were to be credited against the purchase of an interest in the taxpayer's equipment and practice. If the employees chose not to enter into a partnership, they would receive no benefit from the amounts accrued. When the employment contract terminated in 1952, the two employees elected not to enter into partnership with the taxpayer and thereby forfeited all rights arising from the accrued credits. See Godfrey v. Heublein, 2 Cir., 1955, 219 F.2d 654. The taxpayer made his income tax returns at all times on the cash basis, and in 1950 and 1951 he deducted the amounts accrued in favor of his two employees in computing his net income. The Commissioner disallowed these deductions and the Tax Court sustained the Commissioner.

The Tax Court was quite clearly correct. Even if the taxpayer had made his returns on the accrual basis, he would not have been entitled to the deductions involved here. The liabilities to his employees were wholly contingent on the formation of the partnership; the extent of their contingency was made manifest by subsequent events. A contingent liability may not be deducted. Security Flour Mills v. Commissioner, 1944, 321 U.S. 281, 64 S. Ct. 596, 88 L.Ed. 725. The liability may only be taken as a deduction in a year when all of the events have occurred which fix the fact of liability. Dixie Pine Products Co. v. Commissioner, 1944, 320 U.S. 516, 64 S.Ct. 364, 88 L. Ed. 420.

Furthermore, cash basis taxpayers may only take a deduction in the year when the expense is paid. J. H. Martinus & Sons v. Commissioner, 9 Cir., 1940, 116 F.2d 732. Here nothing was paid either in money or property. Mann v. Commissioner, 1929, 59 App.D. C. 103, 35 F.2d 873.

For these reasons and those stated in the opinion of Judge Tietjens, T.C.Mem. Dec. 21,304 (October 27, 1955) we affirm the decision of the Tax Court.