Herald A. O'NEILL and G. Evelyn O'Neill, his wife, Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 16039.

United States Court of Appeals Ninth Circuit.

Oct. 13, 1959.

Herald A. O'Neill, Seattle, Wash., in pro. per.

Charles K. Rice, Asst. Atty. Gen., Melvin L. LeBow, Lee A. Jackson, Robert N. Anderson, Attys., Dept. of Justice, Washington, D. C., for respondent.

Before HEALY and HAMLEY, Circuit Judges, and KILKENNY, District Judge.

KILKENNY, District Judge.

Petitioners, of whom Herald A. O'Neill is herein called the taxpayer, have asked us to review a decision of the Tax Court holding that they are liable for certain income taxes in the years 1951 and 1952, and for an addition to their tax on account of taxpayer's failure to file a declaration of estimated tax in the year 1952. The points raised by the taxpayers on their petition for review are as follows:

1. Whether taxpayer, as a result of investments in Eagle Timber & Mill Company, a corporation, (herein called Eagle Timber) is entitled to (a) take a deduction in the year 1952 for a claimed loss sustained in that year from a transaction entered into for profit; or (b) in the alternative, a deduction for a business bad debt or loss which became determinable in that year; or (c) in the further alternative, a deduction for a capital loss in 1952.

2. Whether taxpayer is entitled to a deduction in 1951 for an alleged loss incurred in a transaction in which taxpayer was an escrow agent.

3. Whether the Tax Court erred in finding that the taxpayer failed to prove reasonable cause for his failure to file a declaration of estimated tax for the year 1952.

I. The taxpayer's principal contention in his brief and on oral argument before this Court is that Eagle Timber should not be recognized as a taxable entity separate and apart from himself, but that its business should be considered his business and that any loss as a result of the venture should be allowed in full, either as a business loss under Section 23(e)(1) of the 1939 Code, 26 U.S.C.A. § 23(e)(1), or a loss from a transaction entered into for profit under Section 23 (e)(2).

The taxpayer has been a lawyer since 1930, and was familiar with the tax law field. He married Evelyn, his second wife, on August 23, 1951, and they reside in Seattle, Washington. They filed joint income tax returns for the years 1951 and 1952 with the Director of Internal Revenue at Tacoma, Washington. The taxpayer's wife is involved only because of the filing of the joint tax returns for the taxable years. The taxpayer in September, 1946, purchased certain real and personal property herein referred to as Timber property. Eagle Timber was incorporated as a Washington corporation on October 22, 1946. The incorporators were the taxpayer, his former wife, Phoebe, and another. The deed to the real property and the bill of sale to the personal property transferring Timber property to Eagle Timber were dated October 24, 1946. On February 3, 1947, taxpayer transferred to Eagle Timber a portable sawmill. The declared purpose of the corporation was to engage in general logging, milling, plywood, timber and lumber business. The record shows it conducted business as follows: On December 27, 1946, it executed and delivered to another a promissory note and a mortgage to secure the same in the sum of $24,908.49, on the Timber property. On February 3, 1947, it executed and delivered to another a real and chattel mortgage on the timber property and the sawmill, as security for the payment of a promissory note in the sum of $25,-000.00. Eagle Timber, on July 24, 1948, agreed to sell the timber property and sawmill for $90,000.00. This transaction

was abandoned. In 1948 it was a party defendant in a Superior Court case in King County, Washington. Eagle Timber filed no reports with the office of the auditor of the county in which it had its registered office. There never were any meetings of the shareholders of the company and there never were any formal stockholders. No stock certificates were ever issued and no list was ever filed with the auditor naming the directors and officers or their terms of office, which was required by Washington law. The corporation did not prepare any minute book or records.

In 1946 and through 1949, the funds of the taxpayer and his then wife, Phoebe, in the sum of $20,566.60, were used in connection with the business of Eagle Timber. This included the $18,500.00 paid to acquire the sawmill. The taxpayer, on June 12, 1950, executed an assignment of his interest in funds on deposit in Douglas County, Oregon, to Seattle-First National Bank in the sum of $12,500.00.

On July 1, 1950, Eagle Timber was dissolved by operation of law for failure to pay its annual corporation license fee for a period of three years. On September 26, 1951, taxpayer delivered in escrow a deed executed by Eagle Timber to the Timber property. A title report was issued by a title insurance company and accompanied this deed, which title report recited that the title to the timber was vested in the dissolved corporation. Taxpayer entered into negotiations with the H & L Timber Company with reference to a sale of the timber on the timber property. On May 26, 1950, the Company offered the taxpayer $11,500.00 for the timber, but the sale was never closed. On August 12, 1952, the taxpayer delivered a bill of sale for the sawmill to another for a consideration of $12,500.00, which sum was secured by a mortgage on the sawmill. This mortgage was later released but the purchaser still owes the said sum of $12,500.00. In November and December, 1952, the taxpayer negotiated for the sale of the timber on the Timber property. He received

an offer of $2,000.00, with an earnest money check for $500.00, which the taxpayer promised to hold until the following spring. When the purchaser again looked at the timber, he decided that it was worthless and concluded not to go forward with the transaction. This was in the spring of 1953. The taxpayer never cashed the check.

On the taxpayer's return for 1952 he claimed a bad debt loss of $33,639.84, on loans which he claimed he made to Eagle Timber.

██ Although on the basis of the documents and the record we could hold that the taxpayer's former wife was the owner of the corporation and that the corporate assets were technically distributed to her on its dissolution, we will assume for the purposes of this decision that taxpayer, and not his wife, owned Eagle Timber. We have already mentioned the activities and non-activities of this corporation. Taxpayer claims that they were insufficient to permit the Tax Court to view the corporation as a taxable entity in itself and further that taxpayer's advances should not be construed as capital contributions to the corporation. It is well settled that the only instances in which the taxpayer who owns a corporation, recognized as a tax entity, can take a business loss deduction for his financing of the corporation, either by way of loans or contributions to capital, are (1) where he is in the business of loaning money, or (2) he is in the business of promoting, financing and managing business enterprises. Holtz v. Commissioner, 9 Cir., 1958, 256 F.2d 865, 870; Skarda v. Commissioner, 10 Cir., 1957, 250 F.2d 429, 435; Wheeler v. Commissioner, 2 Cir., 1957, 241 F.2d 883, 884; Berwind v. Commissioner, 20 T.C. 808, 815.

The business activities of taxpayer, as shown by the record, were not such as to permit a finding that he was engaged in the business of loaning money or in the business of promoting, financing and managing business enterprises. His own tax returns show that his principal occupation was that of attorney. Holtz

v. Commissioner, supra; Koch v. United States, 9 Cir., 1958, 264 F.2d 334, 337.

■ The chief complaint of the taxpayer on this point is that the Tax Court should have disregarded the corporate status of Eagle Timber. The taxpayer argues that since he was the owner of the corporation, we should entirely disregard the corporation and adopt his contentions. As a general rule, a corporation is to be treated as an entity separate from the individuals who own it. Burnet v. Commonwealth Improvement Co., 287 U.S. 415, 419, 53 S.Ct. 198, 77 L.Ed. 399; Dalton v. Bowers, 287 U.S. 404, 410, 53 S.Ct. 205, 77 L.Ed. 389. An exception is recognized and the corporate structure may be disregarded where (1) the purpose of its creation was not a business purpose, and (2) the creation was not followed by any business activity. Paymer v. Commissioner, 2 Cir., 1945, 150 F.2d 334.

On the other hand, where the corporation is created for a business activity or the creation is followed by business activity, the corporation must be recognized as a separate entity. National Carbide Corporation v. Commissioner, 336 U.S. 422, 428–429, 69 S.Ct. 726, 93 L.Ed. 779; Skarda v. Commissioner, supra; Moline Properties, Inc. v. Commissioner, 319 U.S. 436, 439, 63 S.Ct. 1132, 87 L.Ed. 1499.

■ The last mentioned principles apply to the facts in this case. Skarda v. Commissioner, supra; L. T. Campbell, Inc. v. Commissioner, 5 Cir., 1947, 159 F.2d 629; Paymer v. Commissioner, supra. The failure of the corporation to comply with certain of the statutory requirements of the corporation laws of the state of Washington is not controlling. There was a substantial compliance with the requirements of the Washington statutes, but even if there was a failure in this respect, Eagle Timber must be recognized as a corporation de facto. Henry v. Markesan State Bank, 8 Cir., 1934, 68 F.2d 554, 558; Skarda v. Commissioner, supra. The taxpayer signed formal legal documents as an officer of the corporation. The officers so

signing would be at least de facto officers. Independence Lead Mines Co. v. Kingsbury, 9 Cir., 1949, 175 F.2d 983, 985–986; Pacific State Bank v. Coats, 9 Cir., 1913, 205 F. 618, 621. We hold that Eagle Timber was a separate entity for tax purposes.

■■ The taxpayer urges that the advances which were made to Eagle Timber were loans. The Tax Court found that such advances were contributions to the capital and were not loans. The question of whether advances to a corporation constitute loans or contributions to capital is one of fact. Earle v. W. J. Jones & Son, 9 Cir., 1952, 200 F.2d 846, 847; Bair v. Commissioner, 2 Cir., 1952, 199 F.2d 589, 591. We hold there is substantial evidence to support the finding of the Tax Court and that such finding is not clearly erroneous.

■ The Tax Court held that the taxpayer had failed to prove that he realized a loss in 1952. Of course, the burden of proof is on the taxpayer to produce such proof. Boehm v. Commissioner, 326 U.S. 287, 293, 66 S.Ct. 120, 90 L.Ed. 78; Finney v. Commissioner, 9 Cir., 1958, 253 F.2d 639, 641, 642.

■ The Tax Court found that when Eagle Timber was dissolved on July 1, 1950, the taxpayer received a liquidating dividend and the amount so distributed to him treated in full payment in exchange for his full interest in Eagle Timber. A finding that a distribution is made in liquidation of a corporation is one of fact. Gensinger v. Commissioner, 9 Cir., 1953, 208 F.2d 576, 583; Holmby Corporation v. Commissioner, 9 Cir., 1936, 83 F.2d 548, 549, 550. The taxpayer realized a gain or a loss in 1950 when he acquired the timber and sawmill properties in liquidation on the dissolution of the corporation based on the adjusted basis of his investment in Eagle Timber and the fair market value of the property acquired at the time of distribution. Section 111(b) of 1939 Code, 26 U.S.C.A. § 111(b); Westover v. Smith, 9 Cir., 1949, 173 F.2d 90, 92. On any sale of a property the tax-

payer's cost or basis for determining gain or loss would be the fair market value at the time he acquired it on the dissolution. McCullough v. Commissioner, 2 Cir., 1946, 153 F.2d 345, 347; Bennett v. Commissioner, 8 Cir., 1944, 139 F.2d 961, 964, 965. No evidence was introduced in connection with the fair market values of the property in 1950, when it was received by the taxpayer in liquidation of the corporation. Proof of basis is a specific fact which the taxpayer has the burden of proving. Burnet v. Houston, 283 U.S. 223, 228, 229, 51 S.Ct. 413, 75 L.Ed. 991; Long v. Commissioner, 9 Cir., 1938, 96 F.2d 270, 272. The Tax Court held that the taxpayer had failed to establish any basis of value for the property in 1950. The record supports this conclusion and the finding is not clearly erroneous. We do not believe that there is any merit in the taxpayer's contention that there was no liquidation in 1950. It is a question of fact whether a corporation has made a distribution of assets in liquidation and this is a question of Federal and not of state law. Holmby Corporation v. Commissioner, supra; Ward M. Canady, Inc. v. Commissioner, 29 B.T.A. 355, 361, affirmed 3 Cir., 76 F.2d 278, certiorari denied 296 U.S. 612, 56 S.Ct. 131, 80 L.Ed. 434.

We hold that the decision of the Tax Court is supported by the record on all of these questions.

■ II. Taxpayer acted as lawyer for Lucky Music Company of America, a corporation. The company was engaged in the manufacture of certain amusement machines, including a certain machine which was so designed that it might be used in states where slot machines were illegal. Certain machine operators in the Tacoma area agreed to purchase 25 of the last mentioned machines from Lucky Music for $12,500.00, and appointed the taxpayer as the operator's escrow agent to pay over the money to Lucky Music under instructions on which we shall later elaborate. The machines were completed in 1950 and the taxpayer paid the escrow funds to Lucky Music. The operators did not want the machines delivered until after a certain election was held in Tacoma. Delivery was thus delayed at the request of the operators and during the delay the officers of Lucky Music took the machines to California and the machines were never delivered to the operators. The operators demanded that the taxpayer refund the $12,500.00. Subsequently in 1950 he executed an assignment of a fund on deposit in Court in Oregon to the operators and out of this fund the operators were paid the sum of $11,903.34 in 1951. This fund was community property of taxpayer and his former wife, Phoebe. Taxpayer never recovered any amount of said sum from Lucky Music or from any other source.

In his 1951 return the taxpayer claimed a loss for one-half of the money which he claims he was compelled to pay to the operators under a threat, the taxpayer claiming that this was a loss which he incurred as an escrow agent and as a practicing attorney and is therefore entitled to deduct the same as a business loss under Section 23(e)(1) of the 1939 Code.

Taxpayer does not claim that he violated any escrow instructions. On the other hand, at the time of the trial and in his argument on appeal, the taxpayer insisted that he fully complied with his escrow instructions. Taxpayer claimed that the operators were engaged in what he called "the rackets" and that they turned the "heat" on him and were going to have their money "or else." Neither as an attorney nor as an escrow agent was the taxpayer under any legal obligation to pay this money to the operators. The taxpayer is not claiming that the money was paid to the operators under a threat that would amount to a theft under the provisions of Section 23(e)(3) of the Code. Therefore, we must conclude, as did the Tax Court, that the fund was assigned and the money paid without legal obligation and under threats which did not amount to duress. Certainly, this state of facts would not fall within the provisions of Section 23(e)(1) under the provisions of which the taxpayer seeks a deduction. This is a case where

the taxpayer felt he would personally benefit by complying with the operators' threatening demands. There is nothing in the Code which permits such a deduction. As a matter of fact, Section 24 of the Code, 26 U.S.C.A. § 24, provides that there shall be no deduction for personal expenses. Whether the personal expense is ordinary or extraordinary, necessary or unnecessary, is immaterial. Section 24(a)(1). The allowance of deductions depends upon legislative grace. Sparkman v. Commissioner of Internal Revenue, 9 Cir., 1940, 112 F.2d 774, 777. The Tax Court correctly found that the assignment was made for the purpose of protecting the taxpayer against the threats of the operators and was not made to settle any legal obligation resulting from his activities as an escrow agent or attorney and that the claimed loss was not deductible. This court is bound by that finding where there is no showing that it is clearly erroneous. McNeill v. Commissioner of Internal Revenue, 4 Cir., 1958, 251 F.2d 863, 866. The taxpayer failed to prove that the alleged loss was attributable to any trade or business operated by him. Putnam v. Commissioner, 8 Cir., 1955, 224 F.2d 947. The question of whether a debt is one the loss from the worthlessness of which is incurred in a taxpayer's trade or business is a question of fact in each particular case. Campbell v. Walker, 5 Cir., 1953, 208 F.2d 457; Pokress v. Commissioner, 5 Cir., 1956, 234 F.2d 146, 150.

Furthermore, it would seem that the assignment of the fund in 1950 was in complete settlement of the demands of the operators. In such case the taxpayer suffered the loss in that year and he could not take the deduction, even if it was a proper one, in his return for the year 1951. Heublein v. Commissioner, 2 Cir., 1956, 233 F.2d 426; Joe Balestrieri & Co. v. Commissioner of Internal Revenue, 9 Cir., 1949, 177 F.2d 867, 871.

III. The taxpayer complains of the additions which the Tax Court added to his deficiencies under the provisions of Section 294(d) for the years 1951 and 1952.

Section 294(d)(1)(A) of the 1939 Code, 26 U.S.C.A. § 294(d)(1)(A), is mandatory in its declaration that in case of a failure of the taxpayer to make and file a declaration of estimated tax within the time prescribed, an additional tax must be added "unless such failure is shown to the satisfaction of the Commissioner to be due to reasonable cause and not to willful neglect." The Tax Court found that the taxpayer had failed to establish that he fell within the exception. Such finding is binding on this Court unless clearly erroneous. Belser v. Commissioner, 4 Cir., 1949, 174 F.2d 386, 389, 391; Coates v. Commissioner, 8 Cir., 1956, 234 F.2d 459, 462–463.

The taxpayer has the burden of proof to establish that the failure to file the declaration was not due to wilful neglect. Lee v. Commissioner, 5 Cir., 1955, 227 F.2d 181, 184; Sanders v. Commissioner, 10 Cir., 1955, 225 F.2d 629, 636. The showing of an innocent mistake, wilful neglect or belief that no return was due, or that the taxpayer relied on an accountant or attorney does not supply this burden. P. Dougherty Co. v. Commissioner, 4 Cir., 1946, 159 F.2d 269, 273; Mayflower Investment Co. v. Commissioner, 5 Cir., 1956, 239 F.2d 624, 627; Henningsen v. Commissioner, 4 Cir., 1957, 243 F.2d 954, 958–959. It is true that a majority of the above cases concern themselves with the addition to the tax imposed by Section 291 of the 1939 Code, 26 U.S.C.A. § 291. The provision with which we are here concerned, Section 294(d)(1)(A) is *harsher* in its terms than Section 291 and provides that reasonable cause must be shown to the satisfaction of the Commissioner. We have carefully read the record and reviewed the finding of the Tax Court on this subject, as set forth in its opinion, and hold that such finding is fully supported by the record.

The decision of the Tax Court is affirmed.