James E. **ROOKARD** and Helen Rookard, husband and wife, Plaintiffs,

v.

**UNITED STATES** of America, Defendant.

Civ. No. 70–525.

United States District Court, D. Oregon.

May 20, 1971.

Edward V. O'Reilly, O'Reilly, Anderson & Richmond, Eugene, Or., for plaintiffs.

Sidney I. Lezak, U. S. Atty. Vinita Jo Neal, Sp. Asst. U. S. Atty., Portland, Or., John M. Kirk, Trial Atty., Tax Div., Dept. of Justice, Washington, D. C., for defendant.

## OPINION

GOODWIN, District Judge:

Taxpayers bring this action under 28 U.S.C. § 1346(a) (1) for a refund of income taxes paid after the Internal Revenue Service disallowed ordinary-income deductions for business bad debts and worthless stock.

James and Helen Rookard filed a joint return for 1967. They claimed business bad-debt deductions totaling $25,618.58 under 26 U.S.C. § 166. This sum included $20,618.58 which James Rookard was required to pay upon his personal guarantee of a bank loan made to an Oregon corporation known as Baxter Motors, and $5,000 which James Rookard had personally loaned to Baxter Motors in a futile attempt to save that corporation from insolvency.

The Rookards also claimed a worthless-stock deduction of $5,000 under 26 U.S.C. § 1244.

James Rookard's principal activity, and his principal source of income, was his management of Rookard Logging Company, a family-owned corporation engaged in the logging business. Rookard was not engaged in the business of lending money, and he was never an employee of Baxter Motors.

Rookard helped to organize Baxter Motors and its corporate predecessor, Osborne Motors. He was a substantial investor in both corporations. At least a part of Rookard's motivation in his dealings with the motor companies was a desire to obtain a source of low-cost trucks for his logging company.

An investor who makes a loan to a corporation merely to preserve his investment cannot claim a business bad debt under 26 U.S.C. § 166(d) (2). Such a loan is not made "in connection with a trade or business" of the taxpayer. Whipple v. Commissioner of Internal Revenue, 373 U.S. 193, 83 S.Ct. 1168, 10 L.Ed.2d 288 (1963). However, if the taxpayer can show that he is engaged in a trade or business, and that the unrepaid loan is "proximately related" to

that trade or business, he is entitled to a business bad-debt deduction. 373 U.S. at 201–202, 204, 83 S.Ct. 1168. See cases collected in 5 Mertens, Law of Federal Income Taxation § 30.25.

James Rookard's job with Rookard Logging Company in no way depended upon the continued vitality of either of the two motor companies. Accordingly, James Rookard's loans to Baxter Motors were not made in connection with the taxpayers' trade or business. Gross v. Commissioner of Internal Revenue, 401 F.2d 600 (9th Cir. 1968).

Rookard relies on two Tax Court cases, Dorminey v. Commissioner of Internal Revenue, 26 T.C. 940 (1956), and Kertes v. Commissioner, T.C. Memo 1962—158 (1962). This reliance is misplaced, even if it could be assumed that the logging company might have been entitled to treat a loan to the motor company as a debt acquired in connection with the business of the logging company. The corporate entity which conducted the Rookard logging operations is a separate taxpayer, and its hypothetical tax consequences are not before the court. See O'Neill v. Commissioner of Internal Revenue, 271 F.2d 44, 49 (9th Cir. 1959).

Plaintiffs' claimed deduction under 26 U.S.C. § 1244 for the $5,000 worth of stock in Baxter Motors originally issued to one Earle Osborne must likewise be disallowed.

Section 1244 has been construed very strictly against the taxpayer. The stock claimed to be worthless must have been issued according to a written plan. Warner v. Commissioner of Internal Revenue, 401 F.2d 162 (9th Cir. 1968). Under § 1244(a), the taxpayer seeking the deduction must be the original-issue owner under the plan.

James Rookard paid for the Osborne stock and retained possession of the certificates. He now argues that he was the original owner of the stock despite the issuance of the certificate in Osborne's name.

The written plan adopted by the board of directors of Baxter Motors called for Earle Osborne to subscribe for $5,000 worth of stock. If Rookard is treated as the original-issue stock purchaser, the stock was not issued according to the plan. If Osborne is deemed to be the original owner of the stock (having borrowed the purchase price from James Rookard), the stock was issued according to plan but the § 1244(a) requirement that the taxpayer be the individual to whom the stock was originally issued has not been met.

The taxpayers are not entitled to the claimed refund.

This opinion shall constitute findings of fact and conclusions of law pursuant to Fed.R.Civ.P. 52(a). The Clerk will prepare a judgment in accordance with this opinion.