**David D. LE, aka; David Dung Le, Dung V. Le; Kim Houng Le, aka; Kim H. Le; Kim Le; Nguy Le, Petitioners–Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

No. 03–73818.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 3, 2005.

Decided July 12, 2005.

Wayne Hagendorf, Newport Beach, CA, for Petitioners–Appellants.

Charles S. Casazza, Clerk, U.S. Tax Court, B. John Williams, Jr., Esq., Shearman & Sterling, LLP, Emily Ann Parker, Esq., Acting Chief Counsel Internal Revenue Service, Bethany B. Hauser, Esq., U.S. Department of Justice, Washington, DC, for Respondent–Appellee.

Before: LAY,* REINHARDT, and THOMAS, Circuit Judges.

MEMORANDUM **

The Tax Court's factual finding that Dr. Le operated his medical practice as a cor-

---

* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publi-cation and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

poration during 1990 and 1991 is not clearly erroneous. Indeed, the evidence supporting this conclusion is overwhelming.

The corporation's failure to comply with California's statutory requirements necessary to maintain its corporate privileges does not shield it from its federal tax obligations. *See O'Neill v. C.I.R.,* 271 F.2d 44, 49 (9th Cir.1959). In such circumstances, the Commissioner may recognize a de facto corporation for federal tax purposes. *Id.* Moreover, a taxpayer may not be heard to challenge his prior election of the existence of a business entity for tax purposes once the existence of that entity becomes inconvenient. *See McManus v. C.I.R.,* 583 F.2d 443, 447 (9th Cir.1978) ("A taxpayer is estopped from later denying the status he claimed on his tax returns."); *Maletis v. United States,* 200 F.2d 97, 98 (9th Cir.1952) ("The burden is on the taxpayer to see to it that the form of business he has created for tax purposes, and has asserted in his returns to be valid, is in fact not a sham or unreal.").

The Tax Court's factual findings that the Petitioners diverted certain of the corporation's checks for their personal use, and that these diverted funds represented constructive dividends and constructive capital gains distributions, are not clearly erroneous.

The Tax Court's factual finding of fraudulent intent on the part of the Petitioners is not clearly erroneous. Accordingly, the Commissioner may pursue this action "at any time." *See* 26 U.S.C. § 6501(c)(1).

We find no error in the Tax Court's conclusion that the Petitioners are personally liable as transferees for the corporation's deficiencies for 1990 and 1991. *See* 26 U.S.C. § 6901(a).

We reject the Petitioners' argument that the diverted funds were merely personal income controlled by Dr. Le, and thus non-assignable to the corporation. "As a general rule, we will not consider an issue raised for the first time on appeal." *Bolker v. C.I.R.,* 760 F.2d 1039, 1042 (9th Cir. 1985). Even if we were to entertain this argument, we would conclude that overwhelming evidence in the record, including Dr. Le's prior guilty plea admitting that he diverted funds from the corporation, establishes that he practiced medicine through the corporation and that there is no credible evidence in the record to support Dr. Le's *ipse dixit* assertion that he also conducted a personal medical practice.

The judgment of the Tax Court is AFFIRMED.