T.C. Summary Opinion 2010-110

UNITED STATES TAX COURT

STEPHEN PERRY BREAM, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 30349-08S.                    Filed August 3, 2010.

Stephen Perry Bream, pro se.

<u>Kimberly L. Clark</u>, for respondent.

HAINES, <u>Judge</u>:  This case was heard pursuant to the
provision of section 7463 of the Internal Revenue Code in effect
when the petition was filed.[1]  Pursuant to section 7463(b), the
decision to be entered is not reviewable by any other court, and

_____

[1]Unless otherwise indicated, section references are to the
Internal Revenue Code as amended and in effect for the year in
issue.  Rule references are to the Tax Court Rules of Practice
and Procedure.  Amounts are rounded to the nearest dollar.

this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency in petitioner's Federal income tax for 2005 of $26,163, an addition to tax under section 6651(a)(1) of $6,541, and a penalty under section 6662(a) of $5,233. After concessions, the remaining issues for decision are: (1) Whether petitioner is entitled to a passthrough loss from a Schedule K-1, Shareholder's Share of Income, Deductions, Credits, etc., for taxable year 2005; (2) whether petitioner is liable for the section 6651(a)(1) addition to tax for failure to timely file an income tax return for 2005; and (3) whether petitioner is liable for the accuracy-related penalty under section 6662(a).

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. At the time he filed his petition, petitioner resided in Oregon.

## Notice of Deficiency and Procedural Background

Petitioner failed to file timely income tax returns for 2003, 2004, and 2005. Respondent requested an income tax return for 2005 from petitioner and subsequently prepared a substitute return for the year pursuant to section 6020(b). In response to respondent's request, petitioner submitted a 2005 return on September 24, 2007. Upon examination of petitioner's return,

respondent determined that petitioner failed to include pension and annuity income of $119,048 and interest income of $933, and issued the notice of deficiency to petitioner on September 15, 2008. On December 17, 2008, petitioner filed a petition claiming that he is entitled to a passthrough loss of $19,764 from an S corporation with which he was involved and that the addition to tax and the penalty under sections 6651(a)(1) and 6662(a), respectively, should be reduced or abated.

Personal Background

Petitioner's mother passed away in 2004, and he was a beneficiary of her estate. During 2005 the assets from the estate generated pension and annuity income of $119,048 and interest income of $933, neither of which petitioner included in income. Petitioner conceded that that income is taxable.

Petitioner was a shareholder in Titaua Teraifea, Inc., a Hawaiian corporation, d.b.a. Tahitian Goddess (Tahitian Goddess), that was primarily a manufacturer of gourmet foods. Tahitian Goddess was incorporated in 1991 and ceased functioning in 2007. Tahitian Goddess made a subchapter S election for 2005. Petitioner testified that although he was not an officer or manager of Tahitian Goddess, he had paid more than $130,000 trying to keep its business operational. In his petition, petitioner claimed he is entitled to a passthrough loss of

$19,764 from Tahitian Goddess for 2005 which forms the basis for the dispute.

In response to respondent's request for documentation, on January 6, 2010, petitioner submitted to respondent an undated letter from his tax preparer, a printout from the Internal Revenue Service Master File showing a reported Schedule K-1 loss of $19,764 from Tahitian Goddess for 2005 attributed to petitioner, purported balance sheets for Tahitian Goddess for the years 2004 through 2006, and a copy of Tahitian Goddess' 2006 Form 1120S, U.S. Income Tax Return for an S Corporation, without statements or schedules. Petitioner likewise included various financial software printouts of transactions by accounts. Respondent's examiner was unable to determine how or whether petitioner's financial software printouts and other documents were associated with the figures shown on the Form 1120S or to determine whether petitioner had any basis in the purported S corporation against which a loss might be allowable.

## Discussion

### I. Burden of Proof

Petitioner bears the burden of proving that respondent's determination is incorrect. See Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). Deductions are strictly a matter of legislative grace, and taxpayers must satisfy the specific requirements for any deduction claimed. See INDOPCO, Inc. v.

<u>Commissioner</u>, 503 U.S. 79, 84 (1992); <u>New Colonial Ice Co. v. Helvering</u>, 292 U.S. 435, 440 (1934). Taxpayers bear the burden of substantiating the amount and purpose of any claimed deduction by maintaining the records needed to establish such entitlement. See sec. 6001; <u>Hradesky v. Commissioner</u>, 65 T.C. 87 (1975), affd. 540 F.2d 821 (5th Cir. 1976). A taxpayer's self-serving declaration is generally not a sufficient substitute for records. <u>Weiss v. Commissioner</u>, T.C. Memo. 1999-17.

In certain circumstances, if the taxpayer introduces credible evidence with respect to a factual issue relevant to ascertaining the taxpayer's proper tax liability, section 7491(a)(1) places the burden of proof on the Commissioner. Rule 142(a)(2). For the burden to be placed on the Commissioner, the taxpayer, inter alia, must have complied with the substantiation requirements of the Internal Revenue Code and "cooperated with reasonable requests by the Secretary for witnesses, information, documents, meetings, and interviews". Sec. 7491(a)(2)(A) and (B). Petitioner neither presented credible evidence at trial nor provided respondent with useful documents necessary to substantiate petitioner's basis in the S corporation. Moreover, petitioner was required to treat the passthrough loss from Tahitian Goddess in a manner consistent with the treatment of the loss on the corporate return or to file with the Secretary a statement identifying any inconsistency. See sec. 6037(c); <u>Jones</u>

v. Commissioner, T.C. Memo. 2010-112. Accordingly, section 7491(a) is inapplicable, and the burden remains on petitioner to prove that respondent's determination of the income tax deficiency is incorrect.

## II.  Substantiation of Basis in S Corporation

An S corporation is a small business corporation that has an election in effect for the taxable year to be treated as a passthrough entity pursuant to section 1362(a).  Sec. 1361(a)(1). Section 1366(a)(1) provides that a shareholder shall take into account his pro rata share of the S corporation's items of income, loss, deduction, or credit for the S corporation's taxable year ending with or in the shareholder's taxable year. Stated otherwise, section 1366 establishes a regime under which items of an S corporation are generally passed through to shareholders, rather than being subject to tax at the corporate level.  Section 1366(d)(1), however, limits the aggregate amount of such passthrough losses and deductions that a shareholder may claim to the sum of:  (1) His adjusted basis in the stock of the S corporation, and (2) his adjusted basis in any indebtedness of the S corporation to the shareholder.

A taxpayer must establish the basis of his stock for purposes of determining the amount of gain or loss he must recognize.  "Proof of basis is a specific fact which the taxpayer has the burden of proving."  O'Neill v. Commissioner, 271 F.2d

44, 50 (9th Cir. 1959), affg. T.C. Memo. 1957-193. Respondent requested evidence of petitioner's basis in the stock of Tahitian Goddess. However, petitioner failed to provide any credible evidence substantiating his basis in the stock of Tahitian Goddess from the organization of the corporation to the year at issue against which such a loss could be allowed. Thus, we deny the $19,764 passthrough loss claimed on the petition and sustain respondent's deficiency determination of $26,163 for 2005.

III. Addition to Tax and Penalty

A.   Section 6651(a)(1) Addition to Tax

Respondent determined that petitioner is liable for an addition to tax under section 6651(a)(1) for failure to timely file an income tax return for 2005. Respondent bears the burden of production with respect to petitioner's liability for the addition to tax. See sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). To meet his burden of production with respect to section 6651, respondent must come forward with sufficient evidence indicating that it is appropriate to impose the addition to tax. Higbee v. Commissioner, supra at 446. The parties stipulated that petitioner's Federal income tax return for 2005 was not timely filed; thus respondent has carried the burden of production with respect to the addition to tax under section 6651(a)(1).

Section 6651(a)(1) imposes an addition to tax for failure to file a return on the date prescribed (determined with regard to any extension of time for filing), unless petitioner can establish that such failure was due to reasonable cause and not due to willful neglect. A showing of reasonable cause requires petitioner to demonstrate he exercised ordinary business care and prudence and nevertheless was unable to file the return by the due date. Sec. 301.6651-1(c)(1), Proced. & Admin. Regs.

In order to avoid an addition to tax under section 6651(a), the taxpayer must carry the burden of establishing reasonable cause. Sec. 6664; Higbee v. Commissioner, supra at 446. Petitioner claims that because of his mother's death in September 2004 and a major financial setback in connection with Tahitian Goddess during 2005, he was unable to timely file his 2005 return. Petitioner further claims that he failed to timely file a return because he believed the pension and annuity income and the interest income he received during 2005 from his mother's estate were not taxable and that his remaining income was sufficiently below the taxable threshold.

We are not unsympathetic to petitioner's position, yet he failed to offer a legitimate explanation as to how or why his mother's death or his financial setback prevented him from timely filing a return for 2005. Moreover, petitioner likewise failed to file tax returns for 2003 and 2004, before either his mother's

death or the financial setback, in addition to the year at issue. Finally, his mistake as to the taxability of the income he received for 2005 does not constitute reasonable cause under section 6651(a)(1).  Joyce v. Commissioner, 25 T.C. 13, 15 (1955).  Accordingly, we conclude that petitioner is liable for an addition to tax under section 6651(a)(1) in the amount respondent determined.

    B.    Section 6662(a) Penalty

Section 6662(a) and (b)(2) imposes a 20-percent accuracy-related penalty upon any underpayment of tax resulting from a substantial understatement of income tax.  An understatement is substantial if it exceeds the greater of 10 percent of the tax required to be shown on the return or $5,000.  Sec. 6662(d)(1)(A).  The Commissioner bears the burden of production with respect to penalties.  Sec. 7491(c); Higbee v. Commissioner, supra at 446-447.

Petitioner reported no tax liability on his untimely income tax return, and respondent calculated that petitioner understated his tax liability by $26,163.  The amount of the understatement was substantial because it exceeded the greater of:  (1) 10 percent of the tax required to be shown on the return for the taxable year, or (2) $5,000.  Consequently, respondent has met the burden of production, and petitioner, having failed to show reasonable cause, substantial authority, or other basis for

reducing the underpayment, is liable for the section 6662 penalty for 2005 in the amount respondent determined.  See sec. 6664(c).

The Court, in reaching its holding, has considered all arguments made, and, to the extent not mentioned, concludes that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.