T.C. Memo. 2012-241

UNITED STATES TAX COURT

JOVITA DIAZ, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11529-11.                    Filed August 22, 2012.

Jovita Diaz, pro se.

Sarah A. Herson, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

KERRIGAN, Judge:  Respondent determined the following deficiencies and
penalties with respect to petitioner's Federal income taxes for taxable years 2007
and 2008:

[*2]

| Year | Deficiency | Penalty Sec. 6662(a) |
|------|-----------|----------------------|
| 2007 | $80,745 | $16,149 |
| 2008 | 39,110 | 7,882 |

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

The parties have resolved all issues other than the adjusted bases for two properties owned by petitioner and whether petitioner is liable for the accuracy-related penalty. The issues remaining for our consideration are: (1) whether petitioner is entitled to claim greater bases than respondent has allowed with respect to two properties she owned and sold in 2007 and 2008; and (2) whether petitioner is liable for the accuracy-related penalty pursuant to section 6662(a) for tax years 2007 and 2008.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. Petitioner resided in California when the petition was filed.

For tax years 2007 and 2008 petitioner was a registered nurse working full time who also ran a business as an insurance and investment agent. Petitioner owned two properties: one at 15927 Rayen Street, North Hills, California (Rayen

[*3] property) and the other at 38094 Amador Lane, Murrieta, California (Amador property).

Rayen Property

Petitioner purchased the Rayen property for $154,000 in 1997. Until April 2004, petitioner lived at the Rayen property. Petitioner rented the Rayen property from 2005 to 2007. In 2007 petitioner sold the Rayen property for $459,000. On her 2007 tax return petitioner claimed an adjusted cost basis of $553,269 after allowing for depreciation of $39,231, resulting in a capital loss of $94,269.

Respondent examined petitioner's return and determined that the Rayen property was personal use property and not rental property. Respondent disallowed petitioner's claimed depreciation and her adjusted cost basis of $553,269. Respondent determined that petitioner had an adjusted basis equal to her cost basis of $154,000, resulting in a capital gain of $305,000.

Amador Property

Petitioner purchased the Amador property for $490,000 in 2005, to be used as rental property. In June 2008 petitioner sold the Amador property for $299,000. On her 2008 return petitioner claimed an adjusted cost basis of $595,000 and no allowance for depreciation, resulting in a capital loss of $296,000.

**[*4]**  Respondent examined petitioner's return and determined that the Amador property was rental property.  After allowing for depreciation of $37,864, respondent determined that petitioner had an adjusted basis of $452,136, resulting in a capital loss of $153,136.

OPINION

I.  Burden of Proof

Petitioner has the burden of proving that respondent's determinations are in error.  See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).[1]  Taxpayers must maintain records adequate to substantiate their income and deductions.  Sec. 6001.  These records should be sufficient to establish the amount of the gross income or other matters shown on the tax return.  Sec. 1.6001-1(a), Income Tax Regs.  The taxpayer shall retain these records as long as they may become material in the administration of the Internal Revenue Code.  Sec. 1.6001-1(e), Income Tax Regs.

II.  Adjusted Basis

The first issue under consideration is whether petitioner is entitled to adjusted bases in both the Rayen property and the Amador property in excess of

---

[1]Petitioner has not claimed or shown that she meets the requirements of sec. 7491(a) to shift the burden of proof to respondent as to any relevant factual issue.

**[\*5]** the amounts respondent has determined.  Under section 1001, the gain from the sale of property is the excess of the amount realized over the adjusted basis and the loss is the excess of the adjusted basis over the amount realized.

Adjustments in the basis of property can be made for expenditures, receipts, losses, or other items properly chargeable to the capital accounts.  Sec. 1016(a)(1).  Petitioner has the burden of proving the basis of property for purposes of determining the amount of gain or loss that she realized, and must recognize, on its sale.  See O'Neill v. Commissioner, 271 F.2d 44, 50 (9th Cir. 1959), aff'g T.C. Memo. 1957-193.

A.  Rayen Property

The parties agreed to several issues with respect to the Rayen property, including depreciation, and the only issue that remains is whether petitioner is entitled to increase her basis by $60,000 for improvements made.[2]  Petitioner contended that she made approximately $60,000 in improvements to the Rayen property after she purchased it in 1997, including $40,000 for renovating the garage to be used as a daycare center and $20,000 for improving the driveway and walkway.  Petitioner testified that she hired a contractor to perform the

---

[2]Petitioner did not argue for an adjusted basis of $553,269, and the record does not explain why she claimed on her 2007 tax return that her adjusted basis totaled this amount.

**[*6]** improvements, but she did not introduce any records which supported the costs of the alleged improvements. Petitioner did not introduce an invoice from the contractor, a canceled check, a construction permit for the improvements, or before and after pictures. Also, petitioner did not introduce any records that showed the property was used as a daycare center. Petitioner contended that she did not have documentation because she kept moving from one place to another. Her testimony was unpersuasive in support of her claim of $60,000 of improvements.

On the record before us, we find that petitioner has failed to carry her burden of establishing that she is entitled to an increase of $60,000 in her basis for the Rayen property.

B. Amador Property

The parties agreed to several issues with respect to the Amador property, including depreciation, and the only issue that remains is whether petitioner is entitled to increase her basis by $10,000 for improvements made.[3] Petitioner contended that she made $10,000 of improvements to the Amador property and that the improvements were made to the lawn. Petitioner testified that she used a

---

[3]Petitioner did not argue for an adjusted basis of $557,136, and the record does not explain why she claimed on her 2008 tax return that her adjusted basis totaled $595,000.

**[*7]** property management company to assist with the rental of the Amador property and she contacted the property management company involved regarding the installation of a lawn. No records, including any invoices, canceled checks, and records from the property management company, were introduced into evidence. Petitioner testified that she had records at one point, but lost them when she moved.

On the record before us, we find that petitioner has failed to carry her burden of establishing that her basis in the Amador property is $10,000 greater than the $452,136 respondent has allowed.

## III. Accuracy-Related Penalties

Respondent determined that for each year at issue petitioner is liable for an accuracy-related penalty pursuant to section 6662(a). Respondent contends that petitioner is liable for the accuracy-related penalty for each year on alternative grounds: (1) the underpayment is attributable to negligence or disregard of rules or regulations within the meaning of section 6662(b)(1); or (2) there was a substantial understatement of income tax within the meaning of section 6662(b)(2). Only one accuracy-related penalty may be applied with respect to any given portion of an underpayment, even if that portion is subject to the penalty on

**[\*8]** more than one of the grounds set out in section 6662(b).  Sec. 1.6662-2(c),

Income Tax Regs.

The Commissioner bears the burden of production with respect to this

penalty.  Sec. 7491(c).  Once the Commissioner meets this burden, the taxpayer

must come forward with persuasive evidence that the Commissioner's determination

is incorrect.  See Rule 142(a); Higbee v. Commissioner, 116 T.C. 438, 446-447

(2001).

Negligence includes any failure to make a reasonable attempt to comply with

the provisions of the internal revenue laws and is the failure to exercise due care or

the failure to do what a reasonable and prudent person would do under the

circumstances.  Sec. 6662(c); Neely v. Commissioner, 85 T.C. 934 (1985); sec.

1.6662-3(b)(1), Income Tax Regs.  Negligence also includes any failure by the

taxpayer to keep adequate books and records to substantiate items properly.  Sec.

1.6662-3(b)(1), Income Tax Regs.

Petitioner owned two properties and was not able to produce receipts or any

documentary evidence of improvements to these properties.  Also, petitioner

appears to have claimed adjusted bases on her tax returns that were much greater

than the amounts for which she has offered explanations.  Petitioner was unable to

properly substantiate the adjusted bases she claimed.  Respondent carried his

**[*9]** burden of production with respect to the section 6662(a) penalties for negligence. Because of section 1.6662-2(c), Income Tax Regs., we need not address the applicability of the penalty on the ground of substantial understatement of income tax for 2007 and 2008.

The accuracy-related penalty does not apply with respect to any portion of the underpayment for which it is shown that the taxpayer had reasonable cause and acted in good faith. Sec. 6664(c)(1). For purposes of section 6664(c), a taxpayer may be able to establish reasonable cause and good faith by showing reliance on professional advice. Sec. 1.6664-4(b)(1), Income Tax Regs.

Petitioner testified that Mr. Seno, an unenrolled agent, prepared her tax return for 2007. Petitioner could not remember whether she provided any documentation to Mr. Seno with respect to the Rayen property. Petitioner has failed to provide evidence that Mr. Seno was a competent professional with sufficient expertise and that she provided necessary and accurate information to him. See Neonatology Assocs., P.A. v. Commissioner, 115 T.C. 43, 99 (2000), aff'd, 299 F.3d 221 (3d Cir. 2002). Petitioner did not show reasonable cause for failing to keep adequate books and records in order to substantiate items properly. We hold that for each year at issue petitioner is liable for a section 6662(a) penalty for negligence.

**[*10]** To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.
