**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-35316 |
| Plaintiff - Appellee, | D.C. No. 2:05-cv-00810-JLR |
| v. | |
| DAVID L. ELMORE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Argued and Submitted November 21, 2014
Portland, Oregon

Before: CLIFTON, M. SMITH, and HURWITZ, Circuit Judges.

David L. Elmore appeals a summary judgment in favor of the Internal Revenue

Service ("IRS") confirming tax assessments imposed for the tax years 1987 to 1993

and ordering the sale of real property owned by Elmore to satisfy the judgment.  We

have jurisdiction under 28 U.S.C. § 1291, and affirm.

**1.**     The IRS assessed unpaid taxes against Elmore under 26 U.S.C. §§ 6201-

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

6203, 6213, for three categories of taxable income. The IRS provided the "minimal factual foundation" needed for the "presumption of correctness" to attach to all the assessments. *Palmer v. IRS*, 116 F.3d 1309, 1312 (9th Cir. 1997). The burden then shifted to Elmore to show by a preponderance of the evidence that the IRS determinations were "arbitrary, excessive or without foundation." *Id.* (citing *Helvering v. Taylor*, 293 U.S. 507, 515-16 (1935)). He did not do so.

a. **Rental income from 1987 to 1992.** The IRS had obtained a quit-claim deed from Elmore's wife to Elmore and a statement from the owner of record that Elmore was actually the one "improving the property." An IRS revenue agent obtained a statement establishing that the tenants made regular payments to Elmore. This factual foundation was sufficient to give rise to a presumption of correctness for the assessment for unpaid rental income taxes. *Id.*

Elmore presented no evidence to rebut the presumption. Even assuming the tenant's statement was hearsay, it was admissible to show Elmore "had not proved the Commissioner's [deficiency assessment] determination to be arbitrary and capricious." *Avery v. Comm'r*, 574 F.2d 467, 468 (9th Cir. 1978) (per curiam).

b. **Self-employment income from 1987 to 1991 and 1993.** Although the IRS no longer had the underlying third-party payor statements supporting its assessments for 1987 to 1989, various Forms 5278 (Statement – Income

2

Tax Changes) report the aggregate self-employment income the IRS alleges Elmore received for those years. This method of establishing self-employment income is sufficiently "rationally based" to "afford a presumption of correctness to the Commissioner's determination." *Palmer*, 116 F.3d at 1312.

The IRS's inability to support its assessment for 1992 does not establish "a pattern of arbitrariness or carelessness" so as to "destroy" the presumption of correctness for the entire period. *United States v. Stonehill*, 702 F.2d 1288, 1294 (9th Cir. 1983). The existence of some evidence supporting the assessments distinguishes this case from the "naked" assessments in *Weimerskirch v. Commissioner*, 596 F.2d 358, 360, 362 (9th Cir. 1979).

       **c.**      **Income from sale of real property in 1993.** Because Elmore did not provide any evidence of his basis in the property, the assessment of the entire sale price as his income was proper. *O'Neill v. Comm'r*, 271 F.2d 44, 49-50 (9th Cir. 1959).

       **2.**     The IRS concedes that the tax liens it originally sought to foreclose have been released by their express terms and pursuant to 26 U.S.C. § 6325. However, this suit also sought relief pursuant to 26 U.S.C. § 7403, under which the district court had the authority to reduce Elmore's debt for unpaid taxes to judgment and order the sale of the real property at issue, regardless of the status of the underlying federal tax liens.

*See United States v. Rodgers*, 461 U.S. 677, 682 (1983).

**AFFIRMED.**