T.C. Memo. 2010-209

UNITED STATES TAX COURT

DAISY T. WHITAKER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 31355-08.            Filed September 23, 2010.

<u>Jeffrey Weiss</u>, for petitioner.

<u>Matthew Carlson</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

HAINES, <u>Judge</u>:  Respondent determined a deficiency of $259,596 and an accuracy-related penalty pursuant to section 6662(a) of $51,919 with respect to petitioner's 2003 Federal income tax.[1]

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended, and all Rule
(continued...)

The issues for decision after concessions are:  (1) Whether petitioner understated gross receipts from her mortgage broker business reported on Schedule C, Profit or Loss From Business, by $237,156; (2) whether petitioner is entitled to certain deductions claimed on Schedule C; (3) whether petitioner understated her long-term capital gain from the sale of real property by $68,278; (4) whether petitioner is entitled to certain rental deductions claimed on Schedule E, Supplemental Income and Loss; (5) whether petitioner is entitled to a net operating loss (NOL) deduction of $32,345; and (6) whether petitioner is liable for a section 6662(a) penalty.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the supplemental stipulation of facts, together with the attached exhibits, are incorporated herein by this reference.

At the time she filed her petition, petitioner resided in California.  During 2003 petitioner operated a mortgage broker business in Monteca, California.  The name of petitioner's business was Whitaker Real Estate and Financial Services. Petitioner also operated a branch of her business in Pleasonton, California.

---

[1](...continued)
references are to the Tax Court Rules of Practice and Procedure.
Amounts are rounded to the nearest dollar.

Petitioner maintained four bank accounts. The first two accounts were checking accounts held in her name with Washington Mutual Bank. The third account was a joint checking account held with Ernesto Talusan at Washington Mutual Bank. The final account was a checking account held with Cal Fed/Citibank. This account was used for the Pleasonton branch of petitioner's business. The manager of the Pleasonton branch, Cody Thai, was a signatory and had full access to this account.

Throughout 2003 deposits were made in each account totaling a combined $850,634 and petitioner received cash back that was not deposited into her accounts totaling $31,607. Petitioner reported Schedule C gross receipts from her mortgage business for 2003 of $289,011 and rents received of $50,090. Further, on Form 4797, Sales of Business Property, attached to her 2003 return, petitioner reported a long-term capital gain of $44,601 with respect to the sale of real property at 215 Vista Grande Avenue in Daly City, California. Petitioner purchased this property on December 15, 2001, for $445,000 and sold it on December 24, 2003, for $565,000. Petitioner paid $24,118 in closing costs and reported an adjusted basis in the subject property at the time of sale of $520,399.

Petitioner kept records of transactions related to her business through transactional software and Quicken accounting software. The transactional software was used to write offers

and draft mortgage documents. The Quicken accounting software was used to record payments and expenses and to issue checks. The logging of income and expenses was done weekly when there were property closings and then again at the end of each month when bank statements were received. Petitioner testified at trial that she also kept books for each rental property and an envelope for each month.

On September 19, 2008, respondent sent petitioner a notice of deficiency. Respondent determined that petitioner had understated her Schedule C gross receipts for her mortgage business for 2003 by $237,156. Respondent used the bank deposits method of income reconstruction to determine the amount of petitioner's unreported income. Pursuant to this analysis, respondent took into account deposits identified as nontaxable, including check card credits, a small electronic deposit, deposits from Cody Thai into the Cal Fed/Citibank account that were traceable to his personal pizza business, debit card return items, check reversals, cashier checks dated in 2002, transfers from petitioner's other bank accounts, a nontaxable Federal refund, and proceeds from a real estate sale that were deposited in 2003.

Respondent determined petitioner's total unreported income for tax year 2003 by removing these nontaxable items from the sum of cumulative deposits in petitioner's accounts and the cash back

petitioner received during 2003 and further subtracting petitioner's reported taxable income

In addition to determining that petitioner had understated her Schedule C gross receipts with respect to her mortgage business for tax year 2003, respondent denied certain deductions for Schedule C expenses claimed with respect to her business. The disallowed Schedule C expenses comprised the following items:

| Expense | Amount |
|---|---|
| Car and truck expenses | [1]$10,230 |
| Commissions and fees | 99,369 |
| Depreciation and section 179 | 16,082 |
| Office expenses | 19,472 |
| Travel expenses | 11,112 |
| Business gifts | 4,527 |
| Total | 160,792 |

[1]In the notice of deficiency, respondent denied petitioner's claimed deductions for car and truck expenses of $19,689. In his opening brief, however, respondent alleges that petitioner is not entitled to a deduction of $10,230 for car and truck expenses. The Court has not been able to determine which number is correct; however, that number should be reflected in the assessed deficiency.

Petitioner testified that at least a portion of her travel expenses is attributable to a trip to Europe with friends that she purchased as a gift to herself for her 50th birthday.

With respect to petitioner's sale of real property at 215 Vista Grande Avenue in Daly City, California, respondent determined petitioner's adjusted basis in the property to be $452,121, resulting in a long-term capital gain on the sale of the property of $112,879, or $68,278 more than petitioner

reported.[2]  Respondent further disallowed Schedule E rental expense deductions of $121,893 and an NOL carryforward of $32,345 petitioner claimed for 2003.[3]

OPINION

I.  Burden of Proof

Respondent's determinations in the notice of deficiency are presumed correct, and petitioner would ordinarily bear the burden of proving that respondent's determinations are incorrect.  See Rule 142(a)(1).  Petitioner does not argue that the burden of proof shifts to respondent pursuant to section 7491(a), nor has she shown that the threshold requirements of section 7491(a) have been met for any of the determinations at issue.  Accordingly, the burden of proof remains on petitioner to prove that respondent's determination of a deficiency in her income tax is erroneous.

---

[2]Respondent's opening brief is inconsistent in its references to petitioner's understatement of her long-term capital gain for 2003.  Pages 3 and 28 refer to an understatement of petitioner's long-term capital gain of $78,278. On the other hand, page 15 refers to an understatement of $68,228.  Further, on page 10 respondent stated petitioner's adjusted basis in the subject property to be $452,121, for a total gain on the sale of the subject property of $112,879.  We find the understatement to be $112,879 less the $44,601 long-term capital gain petitioner reported, or $68,278.

[3]Respondent's opening brief concedes that petitioner paid real estate taxes of $21,867 for 2003, leaving in dispute Schedule E rental expense deductions of $100,026.

## II.  Schedule C Gross Receipts

If a taxpayer has not maintained business records or the taxpayer's business records are inadequate, the Commissioner is authorized to reconstruct the taxpayer's income by any method that, in the Commissioner's opinion, clearly reflects that taxpayer's income.  Sec. 446(b); Parks v. Commissioner, 94 T.C. 654, 658 (1990); A.J. Concrete Pumping, Inc. v. Commissioner, T.C. Memo. 2001-42.  The Commissioner's reconstruction need not be exact, but it must be reasonable in the light of all the surrounding facts and circumstances.  A.J. Concrete Pumping, Inc. v. Commissioner, supra.

The use of the bank deposits method of income reconstruction has long been sanctioned by the courts.  DiLeo v. Commissioner, 96 T.C. 858, 867 (1991), affd. 959 F.2d 16 (2d Cir. 1992).  Bank deposits are prima facie evidence of income.  Id. at 868.  The bank deposits method assumes that all money deposited in a taxpayer's bank account during a given period constitutes taxable income.  Price v. United States, 335 F.2d 671, 677 (5th Cir. 1964).  When the bank deposits method is employed, however, the Commissioner must take into account any nontaxable source or deductible expense of which he has knowledge.  Id.

Nothing in the record indicates that respondent's method of calculating petitioner's Schedule C gross receipts was erroneous or unreasonable.  Respondent conducted a detailed analysis of

each of petitioner's bank accounts for 2003.  In determining petitioner's Schedule C gross receipts, respondent removed all of petitioner's deposits that were not subject to tax for 2003, including all items in connection with Cody Thai's pizza business and all cashier's checks dated before 2003.

Petitioner contends that respondent did not exclude certain nontaxable items in determining her 2003 gross receipts, including approximately $90,000 of additional deposits attributable to Cody Thai and approximately $200,000 in cashier's checks that were converted from other accounts.  Petitioner testified at trial that because of a pending divorce in early 2002, her funds were in jeopardy of being misappropriated by her estranged spouse.  Accordingly, to protect these funds, she claims that she began converting them into cashier's checks for future use.  Petitioner has failed, however, to produce any documentation or other evidence adequate to prove that any of the deposits respondent included in the gross receipts of her mortgage business are traceable to a nontaxable source.  Accordingly, we sustain respondent's determination regarding petitioner's Schedule C gross receipts.

III.  Schedule C Deductions

Deductions are a matter of legislative grace, and the taxpayer must prove she is entitled to the deductions claimed.  Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440

(1934). Section 162(a) provides that "There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business". Taxpayers are required to maintain records sufficient to establish the amounts of allowable deductions and to enable the Commissioner to determine the correct tax liability. Sec. 6001; Shea v. Commissioner, 112 T.C. 183, 186 (1999).

Items described in section 274 are subject to strict substantiation rules. No deduction shall be allowed for, among other things, traveling expenses, entertainment expenses, gifts, and expenses with respect to listed property (including passenger automobiles) "unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating the taxpayer's own statement": (1) The amount of the expense or other item; (2) the time and place of the travel, entertainment or use, or date and description of the gift; (3) the business purpose of the expense or other item; and (4) in the case of entertainment or gifts, the business relationship to the taxpayer of the recipients or persons entertained. Sec. 274(d).

If a factual basis exists to do so, the Court may in another context approximate an allowable expense, bearing heavily against the taxpayer who failed to maintain adequate records. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930); see sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov.

6, 1985). However, in order for the Court to estimate the amount of an expense, the Court must have some basis upon which an estimate may be made. Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). Without such a basis, any allowance would amount to unguided largesse. Williams v. United States, 245 F.2d 559, 560-561 (5th Cir. 1957). We may not use the Cohan doctrine, however, to estimate expenses covered by section 274(d). See Sanford v. Commissioner, 50 T.C. 823, 827 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs., supra.

A. Car and Truck Expenses

Passenger automobiles and any other property used as a means of transportation are "listed property" as defined by section 280F(d)(4). Secs. 274(d)(4), 280F(d)(4)(A)(i). Accordingly, car and truck expenses must satisfy the strict substantiation requirements of section 274. Petitioner has provided entries from the Quicken accounting software as evidence of car and truck expenses incurred in 2003. These entries were made by petitioner and do not provide sufficient evidence that such expenses were actually incurred because she has not provided receipts or any additional documentation supporting these expenses. Accordingly, petitioner has failed to meet the substantiation requirements of section 274, and we sustain respondent's determination with regard to the car and truck expenses.

B.   Commissions and Fees

Respondent determined that petitioner is entitled to deduct only $51,071 of the $150,440 of Schedule C commissions and fees claimed for 2003.  Outside of entries from the Quicken accounting software, petitioner has failed to provide any documentation of these commissions and fees.  Further, because petitioner has failed to maintain adequate records, we do not have a basis for estimating any costs in excess of those respondent permitted.  Accordingly, petitioner has failed to meet her burden of proof, and we sustain respondent's determination with regard to the commissions and fees.

C.   Depreciation and Section 179 Expenses

Subject to certain limitations, taxpayers purchasing qualifying property may elect under section 179 to deduct the cost of the property in the year the property is placed in service.  Qualifying section 179 property includes tangible property that is depreciable under section 168 and is described in section 1245(a)(3) or computer software that is depreciable under section 167, but only if the property is acquired for use in an active trade or business.  Sec. 179(d)(1).  The record does not substantiate that petitioner placed in service during 2003 any section 179 property.  Accordingly, petitioner has failed to meet her burden of proof, and we sustain respondent's determination with regard to the section 179 expenses.

D.   Office Expenses

Petitioner has not introduced any evidence to substantiate deductions claimed for office expenses in 2003.  Further, petitioner has not introduced any evidence outside of the Quicken accounting software ledger to provide the Court with a basis for estimating office expenses incurred as part of her trade or business.  Accordingly, we sustain respondent's determination with regard to the office expenses.

E.   Travel Expenses

The heightened substantiation requirements of section 274 also apply to travel expenses.  Sec. 274(d)(1).  Petitioner testified that her travel expenses included a trip to Europe with her friends for her 50th birthday.  Despite testifying that her trip to Europe was in part for business, petitioner has not provided any evidence of costs incurred during this trip for purposes of her trade or business.  Moreover, petitioner has not provided any documentation to evidence any business-related travel expenses in 2003.  Accordingly, we sustain respondent's determination with regard to the travel expenses.

F.   Business Gifts

The heightened substantiation requirements of section 274 also apply to gifts.  Sec. 274(d)(3).  Petitioner has not introduced any evidence to support her claimed deduction for

business gifts.  Accordingly, we sustain respondent's determination with regard to the business gifts.

IV.  Long-Term Capital Gain

The gain from the sale or other disposition of property is the excess of the taxpayer's amount realized over the property's adjusted basis.  Sec. 1001(a).  A taxpayer must establish the basis of property for purposes of determining the amount of gain or loss the taxpayer must recognize.  "Proof of basis is a specific fact which the taxpayer has the burden of proving." O'Neill v. Commissioner, 271 F.2d 44, 50 (9th Cir. 1959), affg. T.C. Memo. 1957-193.

Petitioner provided little documentation in support of her claimed basis in the property at 215 Vista Grande Avenue in Daly City, California.  In her statement supporting Form 4797 attached to her 2003 tax return, petitioner calculated the basis of the subject property by adding the following items to its original purchase price:  (1) "Credits to buyer" of $35,000; (2) commissions of $13,250; (3) closing costs of $5,955; (4) capital improvements of $14,600; and (5) additional closing costs on purchase of $12,100.  Petitioner further provided a "seller final closing statement" showing certain costs and fees associated with the sale of the subject property.  Of the costs petitioner listed in her statement supporting Form 4797, only closing costs

totaling $24,118 are supported by the "seller closing final statement."

Petitioner did not testify to, and did not provide any documentation to support, the other components of her claimed basis.  In fact, in petitioner's opening post trial brief, she does not dispute respondent's determination regarding her long-term capital gain from the sale of the subject property and fails to acknowledge the issue.  Accordingly, petitioner has failed to carry her burden of proof, and we sustain respondent's determination with regard to the long-term capital gain.

V.    Schedule E Rental Expenses

Respondent alleges that petitioner has failed to substantiate her Schedule E rental expenses outside of payments totaling $21,867 for real estate taxes with respect to four properties.  We agree.  The record is devoid of any credible evidence that substantiates petitioner's Schedule E rental expenses for which she claims deductions and which have not been conceded by respondent.

With respect to mortgage interest deductions claimed on Schedule E, the only documentation petitioner provided is the Quicken accounting software ledger.  Petitioner testified that she kept books for each rental property and an envelope for each month; however, she has not produced these records for the Court. Accordingly, petitioner has not met her burden of proof, and we

sustain respondent's determination with respect to the Schedule E rental expenses.

VI.  Net Operating Loss

Petitioner bears the burden of establishing both the existence and amount of NOL carrybacks and carryforwards.  Rule 142(a); Keith v. Commissioner, 115 T.C. 605, 621 (2000); Lee v. Commissioner, T.C. Memo. 2006-70.  We may consider facts relating to years not in issue that are relevant to the claimed NOLs. Sec. 6214(b).  The only evidence petitioner has presented in support of her claimed NOL carryforward was her 2001 and 2002 Federal income tax returns.  Her tax returns only set forth her claim to the NOL and do not establish her entitlement thereto. See Roberts v. Commissioner, 62 T.C. 834, 837 (1974).  The fact that a return is signed under penalty of perjury is not by itself sufficient to substantiate deductions claimed on the return. Wilkinson v. Commissioner, 71 T.C. 633, 639 (1979); Emerson v. Commissioner, T.C. Memo. 2001-186.  Accordingly, petitioner has not met her burden of proof, and we sustain respondent's determination with respect to the NOL.

VII.  Section 6662(a) Penalty

Section 6662(a) and (b)(2) imposes an accuracy-related penalty upon any underpayment of tax resulting from a substantial understatement of income tax.  The penalty is equal to 20 percent of the portion of any underpayment attributable to a substantial

understatement of income tax.  Id.  The term "substantial understatement" is defined as exceeding the greater of:  (1) 10 percent of the tax required to be shown on the return for the taxable year or (2) $5,000.  Sec. 6662(d)(1)(A).  Section 6662(a) and (b)(1) also imposes a penalty equal to 20 percent of the amount of an underpayment attributable to negligence or disregard of rules or regulations.  Negligence includes any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code, including any failure to maintain adequate books and records or to substantiate items properly.  Sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs.

Petitioner's failure to produce records substantiating her Schedule C gross receipts, Schedule C deductions, long-term capital gain, Schedule E rental expenses, and NOL carryforward supports the imposition of the accuracy-related penalty for negligence for 2003.  The applicability of section 6662(b)(2) will depend on the magnitude of the understatement of tax as calculated under Rule 155.  If petitioner's understatement of income tax as calculated under Rule 155 exceeds the greater of $5,000 or 10 percent of the tax required to be shown on the return in 2003, respondent will have met his burden of production under section 7491(c).  If not, respondent will have failed to meet his burden of production under section 7491(c).

An accuracy-related penalty is not imposed on any portion of the underpayment as to which the taxpayer acted with reasonable cause and in good faith. Sec. 6664(c)(1). The taxpayer bears the burden of proof with regard to those issues. Higbee v. Commissioner, 116 T.C. 438, 446 (2001). Petitioner has failed to show reasonable cause, substantial authority, or any other basis for reducing the penalties. Accordingly, pending a final calculation of petitioner's understatement under Rule 155, we find petitioner liable for the section 6662 penalty for 2003 as commensurate with respondent's concessions and our holding. See id.

In reaching our holdings herein, we have considered all arguments made, and, to the extent not mentioned above, we conclude they are moot, irrelevant, or without merit.

To reflect the foregoing,

Decision will be entered under Rule 155.